## MELMS and another vs. WERDEHOFF.

Where A & Co. delivered their note to B, payable to his order, and C afterwards signed his name to the note, under the signature of A & Co., at the request of B, to enable him to raise money by its negotiation, believing, at the time, that A & Co. were actual debtors of B, and relying upon the legal import of the note, A & Co. are estopped from alleging, after they have paid the note, that it was given merely for the accommodation of B, and that C is liable to contribution as a co-surety.

APPEAL from the Circuit Court for *Milwaukee* County. The plaintiffs, who were partners, signed and delivered to one Busack a note for $600. The note was in the form of a joint and several contract: "For value received, we, or either of us, promise," &c.; and was signed by the plaintiffs in their partnership name. The payee offered it to one Pritzkow to be discounted, who required another name before he would discount it. The payee then applied to the defendant, telling him he wanted to get money on the note, and could get it if the defendant would sign it. The defendant then signed his name under the names of the plaintiffs, and Busack indorsed the note to Pritzkow. After the note fell due the plaintiffs paid it, and brought this suit against the defendant for one half the amount, claiming that the note was made by them and by the defendant merely for the accommodation of Busack, and that the defendant was liable as a co-surety to contribution.

On the trial there was evidence tending to show that as between Busack and the plaintiffs the note was an accommodation note. *Melms* also testified that at the time the note was executed by the plaintiffs, he told Busack he wanted another name for his security, and that Busack agreed to procure the name of the defendant or of one Spoerl. Busack testified that he never promised the plaintiffs to pay the note, but thought *Melms* owed him more than the amount of it; that there was no agreement that he should get another signature to it; and that when the defendant signed the note, nothing was said as to *Melms* being indebted to the witness. The defendant testified that when Busack first asked him to sign the note, he declined; that Busack then told him that *Melms* owed him the money, and that *Melms & Co.* would pay the note; that for that reason he signed it; that he signed it on the credit of *Melms & Co.* by the persuasion of Busack, to enable the latter to raise money on it, and did it to accommodate *Melms* as he supposed; that Busack told him where to put his name; and that he would not have signed the note as security for Busack. The plaintiffs objected to the admission of any evidence of what passed between the payee and defendant at the time the note was signed by him, but the court overruled the objection.

The court charged the jury, that if they found that the plaintiffs signed and delivered to Busack the note in question, and that the payee offered it to Pritzkow to be discounted, who required another name as the condition of discounting it; and that the payee then asked the defendant to sign it, and he, in the belief that the plaintiffs were the actual debtors, and relying upon the statement in the note, signed it; then the plaintiffs were estopped from alleging in this suit that the note was an accommodation note and that the defendant was liable as co-surety; and that, if the jury found that the facts were as above stated, they should not take into consideration any testimony tending to show that as between Busack and the plaintiffs, the note was an accommodation note. Verdict and judgment for the defendant.

*Hooker & Spangenberg,* for the appellants, argued that the

January Term, implied contract for contribution entered into by the makers
1861. of the note, could not be changed by any understanding be-
MELMS et al. tween the payee and the defendant; that evidence of what
v.
WERDEHOFF. occurred between the payee and the defendant at the time
the latter signed the note, was inadmissible, because it tended
to vary the effect of the written contract (7 Wis., 532; 2
Seld., 33); that if that evidence was admissible, it showed
no defense when the fact appeared that both the plaintiffs
and the defendant signed the note for the accommodation of
the payee; that to make the defense available, the defendant
must show such a state of facts as would entitle him, if he
had paid the note, to recover the full amount of it from the
plaintiffs as his principals (3 Wend., 398; 13 id., 401); that
the plaintiffs are not estopped from saying that they were
accommodation makers, because their signature was obtained
upon the assurance of the payee that the defendant or one
Spoerl would also sign it. The admission made by the
plaintiffs in signing the note was *not that they owed* the payee
the amount, but merely of their liability to pay it to a *bona
fide* purchaser. Estoppels bind only parties and privies. The
note was given to a stranger to this suit, and the defendant
does not claim under him. 3 Hill, 215; 2 Vt., 213; 3 Johns.
Cas., 101; 9 Barn. & Cress., 577. Besides, the note was in-
complete when presented to the defendant for his signature;
partners are one person in law.

*Jas. S. Brown*, for respondent:

In a suit for contribution, parol proof of the relation of the
parties is admissible. 12 Mass., 102; 3 Wend., 397; 13 id.,
400. There is no privity between the plaintiffs and defend-
ant, and no agreement by the defendant to be an accommo-
dation maker for Busack. 13 Wend., *ubi supra*. 2. The
plaintiffs, by delivering their note to Busack, declared to the
world that they were his debtors, and the defendant, believing
this representation and having faith in their solvency, signed
the note, intending to become their surety. They are es-
topped now from denying that they were debtors of Busack.
1 Phill. Ev., 453, 464-6. When one clothes another with
an *apparent power* or character, he is estopped, as against a
person dealing on the faith of such character, from denying

it. Story on Agency, §§ 73, 127; 2 Conn., 215; 1 Barn. & Ald., 712; 9 Cow., 277; 3 Hill, 219; 9 Wend., 147; 3 Pick., 38; 2 id., 546; 19 Wend., 557; 16 S. & R., 18.

January Term, 1861.

Melms et al.
v.
Werdehoff.

*By the Court,* Cole, J.    We are not able to discover any    May 15. error in the record or proceedings in this case.    The charge of the court appears to be substantially correct, and properly states the rule of law applicable to the facts disclosed on the trial.    For to our minds it is very clear, if *Melms & Co.* signed and delivered the note mentioned in the pleadings, to the payee, Busack, and the latter obtained the signature of the respondent after it was thus delivered, who signed it, as the court states, in the belief that *Melms & Co.* were the actual debtors, relying on the legal import and effect of the note, that then *Melms & Co.* are estopped from alleging now that the note was an accommodation note and that the respondent is liable as a co-surety.    The respondent did not know, and could not know, that they were accommodation makers and had executed the note in that character.    He had the right to assume, and indeed nothing was more natural than that he should assume, that they were the makers of the note, and of course, primarily liable for its payment. Busack had apparently a good title to it, and for aught he knew, had a perfect right to collect the amount of them when the note became due.    Busack asked the respondent to sign the note so as to enable him to negotiate it with Pritzkow, and seeing that the note was given by the firm of *Melms & Co.*, and knowing that they were responsible, he signed it for the purpose indicated.    He did not suppose that he was signing the note as a security with them.    There is nothing in the case that shows he did know the note was not given by the ostensible makers in the usual course of business.    He had a right to assume that it was, and to act upon that presumption.    They now allege that it was an accommodation note, and that the payee agreed to procure the name of the respondent or Spoerl as a co-surety.    If so, they must look to the payee for redress, and not to the respondent.    He knew nothing about their understanding with the payee, if indeed they had such an one as they now insist existed.    They

had invested the payee with the character of creditor, and enabled him to deal with the world in that relation as respected this note. And now if they or the respondent must suffer damage, the loss should rather fall upon them, who have been the least vigilant, than upon him who signed the note, under the circumstances, as surety for them, supposing they were primarily liable for its payment.

The judgment of the circuit court is affirmed, with costs.