(Decided December 20th, 1898.)

---

# BERNARD THILLMAN *vs.* CORA I. NEAL AND THOMAS J. NEAL, HER HUSBAND.

*Making New Party Plaintiff by Amendment—Discretion of Trial Court—Appeal—Re-swearing the Jury after Making New Party—Assault and Battery—Instructions to the Jury—Damages.*

When a new party plaintiff in an action at law is made after the jury is sworn, the objection that the jury was not sworn again, assuming the same to be a valid objection, can only be raised on appeal by motion in arrest of judgment. The question is not properly presented by an exception taken to the action of the Court in granting leave to make the amendment.

Under Code, Art. 75, sec. 37, the trial Court has the power to allow an amendment to be made by which a party plaintiff is added or stricken out and no appeal lies from the action of the Court in granting leave to make such an amendment.

A married woman sued by next friend for personal injuries. At the beginning of the trial the Court allowed an amendment to be made by which the plaintiff's husband was joined as co-plaintiff and his appearance as next friend struck out. Defendant excepted to the amendment and the bill of exceptions showed that it was made after the jury had been sworn. On appeal, defendant objected to the validity of the judgment because the jury was not re-sworn after the addition of the new plaintiff. *Held*, that even if this objection be valid, yet the fact that the bill of exceptions shows that the amendment was made after the swearing of the jury does not warrant the inference that they were not re-sworn, especially when the docket entry showing that the jury was sworn follows after a docket entry showing that the amendment was made.

In an action for assault and battery to the person, an instruction to the jury that if they find for the plaintiff they may allow damages for the injury to the person and feelings suffered by the plaintiff by reason of the unlawful act of the defendant if they find that the defendant assaulted and struck the plaintiff, is not misleading. It does not leave it to the jury to determine what constitutes an assault, nor does it allow them to give damages for trespass to plaintiff's property.

In an action of assault and battery where the evidence shows that the defendant acted with reckless violence and indignity, the jury are authorized to award punitive damages.

Appeal from the Superior Court of Baltimore City (RITCHIE, J.). At the trial the following prayers were offered:

*Plaintiffs' Prayer.*—If the jury find for the plaintiffs they should award such damages as will, under all the circumstances of the case, compensate for the injury to the person and feelings suffered by Mrs. Neal by reason of the unlawful act of the defendant, if they shall find that defendant assaulted and struck her; and if they further find that the female plaintiff was treated with reckless violence and indignity, then they may award such

further damages as they may think proper from all the evidence to punish such conduct, and deter the defendant from like conduct in the future.—(*Granted.*)

*Defendant's 1st Prayer.*—That there is no evidence legally sufficient to entitle the plaintiff to recover more than nominal damages for the assault complained of.—(*Rejected.*)

*Defendant's 2d Prayer.*—That there is no evidence legally sufficient to prove any facts entitling the plaintiffs to exemplary or punitive damages, and their verdict, if they find the defendant did assault the female plaintiff, shall be only for the actual damages proved to have been sustained by the female plaintiff by reason of said assault.—(*Rejected.*)

*Defendant's 3d Prayer.*—If the jury believe from the evidence that there was no intention on the part of the defendant to do any bodily harm or injury to the female plaintiff, and no negligence on the part of the defendant tending to produce the alleged assault, then their verdict must be for the defendant.—(*Rejected.*)

*Defendant's 4th Prayer.*—If the jury believe from the evidence that at the time of the alleged assault it was impossible for the defendant to have struck or touched the female plaintiff, except in so far as she herself came within the defendant's reach, then the plaintiff cannot recover in this action, and their verdict must be for the defendant.—(*Rejected.*)

*Defendant's 5th Prayer.*—If the jury believe that the defendant went to the house of the plaintiffs for the purpose of identifying certain property to the sheriff under a writ of replevin issued at the instance of the defendant, and with no intention to assault the female plaintiff or do her any injury, and did not in fact assault and beat, or do any injury to the female plaintiff while thus upon said premises, or at any other times, then their verdict must be for the defendant.—(*Granted.*)

The jury returned a verdict for the plaintiff for $500.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and PEARCE, JJ.

*Hyland P. Stewart,* for the appellant.

The Court declined to hear *Joseph C. France* (with whom was *Henry W. Fox* on the brief), for the appellee.

PEARCE, J., delivered the opinion of the Court.

This is an action to recover damages for an alleged assault by the defendant Thillman upon the female plaintiff, Cora I. Neal. The suit was originally instituted in the name of Cora I. Neal, by her husband and next friend, Thomas J. Neal, and the declaration conformed to this titling, when the case came to trial, May 27th, 1898, on which day, as appears from the docket entries in the case, the general issue plea was filed. On the same day the plaintiff asked leave to amend the declaration by striking out the name of Thomas J. Neal as next friend and by making him joint plaintiff with his wife, Cora I. Neal, which leave was granted and the amendment was made. The case then proceeded to trial, and the plaintiffs had a verdict for $500 and judgment thereon, from which judgment the defendant has appealed. Two exceptions were taken in the course of the trial, and in order to a clear understanding of the precise point actually presented by the first exception, it is set out in full as follows:

"Defendant's Bill of Exceptions.

"After the swearing of the jury in this case, and the opening statements of the counsel for the plaintiff and for the defendant having been made before the jury, the plaintiff asked leave to amend the *narr.* in the following manner:

"The plaintiff moves for leave to amend the declaration by striking out the name of Thomas J. Neal, as next friend, and to make the said Thomas J. Neal, the husband of Cora I. Neal, a joint plaintiff with her.

"Leave granted as prayed. ALBERT RITCHIE.

which leave the Court granted, and the amendment was accordingly made, to which the defendant objected, and to which ruling the defendant excepted, and prays the

Court to sign this, the defendant's first bill of exceptions, which is accordingly done this 19th day of September, 1898.            ALBERT RITCHIE."

Article 75, sec. 37, of the Code of Public General Laws, provides that if there be a non-joinder or misjoinder of plaintiffs, the Court may allow an amendment by which a plaintiff may be added or stricken out, as the case may require. When therefore the Superior Court gave the plaintiff leave to make the amendment prayed, it did what the law, in express terms, gave it the right to do, and what the law moreover confided to its discretion, and it has been repeatedly decided that the allowance of an amendment, provided it be within the power of the Court granting the leave, to make it, is not the subject of an exception, nor of review by this Court. *Griffee* v. *Mann*, 62 Md. 254.

It will be observed that it was to the leave granted to make the amendment, and to the making thereof, that the defendant excepted, and it is therefore clear that we have no power to review the ruling complained of. But if we had such power, it is settled by the cases of *Treusch* v. *Kamke*, 63 Md. 282, and *Condon* v. *Sprigg*, 78 Md. 330, that there was no error in permitting the amendment. It appeared, however, from the argument of appellant's counsel that it was intended by this exception to raise the question of the validity of the judgment rendered on the verdict, by reason of an alleged failure to swear the jury to try the cause as the issues were presented after amendment made, and the language of the exception would seem to indicate that this may have been the purpose, since it is specifically set forth in the exception that the leave was asked and the amendment made "after the swearing of the jury." This language *may suggest but does not establish* that the jury was not again sworn after the amendment was made. "But the Appellate Court cannot travel out of the record, and will make every necessary intendment in support of the judgment of the lower Court." *M'Mechen* v. *Mayor*, *&c.*, 2 H. & J. 41.

The docket entries show "May 27, 1898, Jury sworn,"

—and this entry *follows immediately after* the docket entry of the motion to amend, the leave granted, and the making of the amendment. Assuming, but not deciding, that the re-swearing of the jury was necessary to the validity of the judgment if attacked in a proper manner, it is not to be inferred that so learned and so careful a judge as JUDGE RITCHIE omitted to have the jury re-sworn after a change of parties by the addition of a new party plaintiff even if the propriety of doing so were overlooked by plaintiffs' counsel, and we must presume the jury was re-sworn. This presumption we think is warranted by the record. The fact that the amendment was made after the swearing of the jury—as appears from the bill of exceptions—does not warrant an inference that they were not subsequently re-sworn, especially when the docket entry showing that they were sworn *follows* the docket entry of the amendment made. It must be borne in mind that in such a case, a docket entry of the first swearing would be unnecessary because the second swearing to try the issues between the then parties would be the only swearing necessary to note, and the order of time in which the docket entry of the swearing appears, indicates that it was subsequent to the amendment. But even if the record affirmatively showed that the jury was not re-sworn, and this could be held a vital defect, that question is not raised by this exception and cannot be considered under it. It could only have been raised in this Court by motion in arrest of judgment, in which the whole record would be before the Court as on a demurrer, and where the objection appearing on the face of the record could be considered by the Court.

The second exception was taken to the granting of the plaintiffs' prayer and to the overruling of defendant's special exception thereto for want of evidence to sustain its theory, and to the rejection of defendant's 1st, 2d, 3d and 4th prayers, all of which will be seen in the Reporter's statement of the case. The plaintiffs' prayer is a transcript of the 3d prayer of the plaintiff in *Larkin's case,* 47 Md. 158, except that in the case at bar there

were inserted the words, " if they shall find the defend-
ant assaulted and struck her." In *Larkin's case* the
Court, through JUDGE MILLER, approved that prayer,
but it is contended here that the use of the words " the
unlawful act of the defendant" was exceedingly mis-
leading, in that it allowed argument before the jury for
the raising of the window or the breaking of the close,
which was a *trespass to property*, for which damages could
not be recovered in an action for an *assault on the person*.
But we think the words, " if they shall find the defend-
ant assaulted and struck her," clearly defined the wrong-
ful act referred to, and restricted the finding of the jury
to that specific act.   Again it is contended, that this
prayer left to the jury to determine what constitutes an
assault, but that precise language as used in a prayer
has been considered by this Court; *B. & O. R. R. Co.*
v. *Barger*, 80 Md. 33, where JUDGE BOYD said: " The
word assault was moreover evidently not intended in
its technical sense as its context shows, and in the con-
nection in which it was used, was not calculated to mis-
lead the jury or injure the defendant."

It is still further contended that there was no proof
of " any unseemly or ungentlemanly conduct" which
could warrant exemplary damages, and that as the
prayer gave the jury a free hand to mulct the defendant,
if they found the female plaintiff was treated by him with
reckless violence and indignity, that the prayer was
erroneous in this respect.   But we think the evidence
abundantly sustains this part of the prayer.   Mrs. Neal
testified that after she refused to admit Thillman into
the house during the absence of her husband, he forcibly
raised a window of the house with the apparent purpose
of effecting an entrance, struck at her three or four
times through the window and gave her one violent
blow in the stomach from which she suffered a great
deal for two or three weeks; and she is corroborated in
regard to the conduct of the defendant and to the fact
that she did receive a blow from him.   It was for the
jury to deal with the testimony under the instruction of
the Court; and thus to assault a woman, without provo-

cation, unless it be that he was refused admission to the house, we think constitutes both indignity and reckless violence, and the special exception therefore was properly overruled.

It follows from what we have said in reference to the plaintiffs' prayer, that the first and second prayers of defendant were properly rejected. Defendant's third prayer was apparently framed upon the theory that the plaintiff's person was struck or touched purely by accident, and without any intent to strike or touch; but there was no evidence whatever to sustain this theory. Defendant's fourth prayer is based upon the theory that it was in fact impossible for him to have struck or touched Mrs. Neal unless she deliberately put herself within his reach. There was, however, not only no evidence to sustain this theory, but it is clearly negatived by the testimony of Mrs. Neal who swears that during the struggle over the window, Thillman "*felt in*," and gave her the blow in the stomach. If she had said he "*fell in*," it is perhaps possible the blow might have been accidental, but the use of the word "*felt*" indicates deliberation, and the intent to deliver the blow which followed. The third and fourth prayers are both intelligible only on the theory of accident and were both properly rejected.

The defendant's fifth prayer, which was granted, presented his case to the jury in the most favorable light possible under all the testimony, and if the jury had accepted his view of the testimony they would have been compelled to find their verdict in his favor.

Finding no error in any of the rulings of the Court, the judgment will be affirmed.

*Judgment affirmed with costs above and below.*

(Decided December 20th, 1898.)