## CATHERINE V. SNOOK *vs.* ELIZABETH MUNDAY.

*Amendment of Bill in Equity—Right of Surety on Mortgage Note to*
*Pay the Debt and be Subrogated to Rights of Mortgagee— Tender.*

No appeal lies from an order allowing a plaintiff to amend his bill in
equity under Code, Art. 16, sec. 16.

When a party executes jointly with another a promissory note and a
mortgage to secure its payment, that party is entitled to show by
parol evidence that as between himself and the other maker of the
mortgage note he was a surety, and he is consequently entitled to pay
the note and be subrogated to the rights of the mortgagee.

When a surety seeks to pay the debt guaranteed by him in order to be
subrogated to the rights of the creditor, a payment into Court of the
whole amount due under a bill to enforce the right of subrogation is a
sufficient tender.

Appeal from the Circuit Court for Washington County
(STAKE, J.)

The cause was submitted to the Court on briefs by :

*Thompson A. Brown* and *Chas. A. Little*, for the appellant.

*Alex. Armstrong* and *Samuul B. Loose*, for the appellee.

PAGE, J., delivered the opinion of the Court.

John Munday, deceased, in his lifetime together with the
appellee executed a mortgage upon certain lands to secure the
payment of $1,600, evidenced by two promissory notes in
favor of Edward Mealey.

The appellee, who under the last will of John Munday is the
life-tenant of the mortgaged property, filed a bill in the Cir-
cuit Court of Washington County praying for the writ of in-
junction to restrain the appellant as assignee of the debt and
mortgage from making a sale and for a decree requiring the
appellant to receive from her as the surety of John Munday
the money due and owing so that she may stand in the place

of the mortgagee and be subrogated to all of his legal and equitable rights. This bill was also demurred to by the appellant; the demurrer was overruled, and a decree passed allowing the relief prayed for, whereupon the appellant took this appeal.

One of the contentions in support of the demurrer made by the appellant is that the amended bill is not an amendment of the old one but in fact a new bill, which the Court should not have permitted to be filed. But an application to amend is addressed to the diecretion of the Court before whom it is made, and is not the subject of an appeal to this Court. In *Calvert* v. *Carter*, 10 Md. 108, where the Court was considering the effect of the Act of 1854, ch. 30, now Article 16, section 16 of the Code, it was said : "The best construction we have been able to give it is, that it was intended to enlarge the time within which the amendments may be made in proceedings in equity. Formerly the 'proper time' to apply for leave to amend, was before the cause was at issue. The Act authorizes amendments to be made at any time before final decree. They are still to be made 'on application to the Court'— 'so as to bring the merits of the case fairly to trial.' The Court to which the application is made must of necessity judge of the propriety of the proposed amendment * * * We think the Act of 1854 must be construed in the same way ; it does not in terms confer any right of appeal and we think none exists."

The relief prayed for in the bill is based upon the claim of the appellee that she is " simply " the surety of her husband. An additional contention of the appellant is that the complainant cannot now set this up because of the fact that by the terms of the mortgage it is established that " the debt is a joint and several one." But this is not a proceeding between the payers and the holders of the note, nor is there any attempt to deny the liability of the appellee as a joint maker. The allegation of her suretyship only, is not made to alter or vary her liability to the payee, but solely for the purpose of proving her relation to her co-maker. If in fact, whatever may be the

form of the transaction, as between herself and her co-maker she is a surety only, it would be contrary to the principles of equity, for the creditor to permit or by his conduct to cause her co-maker, the principal debtor in fact, to be exempt from payment, or from liability to his surety to make good what the latter has paid on his account. This is an equity binding upon the conscience of the creditor, though not within the actual words of the contract. All the rights of co-sureties *inter sese* rest upon this principle. "Subrogation," says Sheldon (p. 3), " as a matter of right, independently of agreement, takes place for the benefit of a co-obligor or surety who has paid the debt which ought in whole or in part to have been made by another." See also as to the basis of the right of contribution between sureties. *Dering* v. *Earl of Winchelsea*, 1 Cox, 318; *Sterling* v. *Forrester*, 3 Bligh, 590 (o. s.)

When therefore the true relations of co-makers of a note *inter sese* are in issue, or in plainer terms, where the question, at issue, is not the contract between the makers and the payees, but the measure of obligation between the makers, parol evidence establishing the true relations between themselves, does not vary the terms of the contract as evidenced by the note and may therefore be offered in evidence. *Mansfield* v. *Edwards*, 136 Mass. 15; *Clapp* v. *Rice*, 13 Gray, 403; *Sweet* v. *McAllister*, 4 Allen, 355; *Nurre* v. *Chittenden*, 56 Ind. 462; *Melms* v. *Werdehoff*, 14 Wis. 18; *Carpenter* v. *King*, 9 Metcalf, 511; *Barry* v. *Ransom*, 12 N. Y. 462; *Montgomery* v. *Page*, 29 Oregon, 320; *Weston* v. *Chamberlin*, 7 Cush. 404; *Phillips* v. *Preston*, 5 Howard (U. S. R.) 278.

This Court also has applied the same doctrine in *Chapman* v. *Davis*, 4 Md. 179, an action of assumpsit, brought by Davis, Extr., to recover money paid by his decedent on account of a promissory note signed as co-makers by Chapman and Davis. The contention on the part of the latter was that his decedent was apparently a joint obligor; he was in fact a surety only for Chapman, and therefore, having paid part of the obligation he was entitled to recover it from the estate of Chapman, the principal. To establish this relation, towards each

other, he offered evidence that at the time the note was signed, both were members of the Vestry of Port Tobacco Church; on objection the lower Court rejected this evidence, but on appeal this Court reversed the ruling, saying as it did so, that " the fact proposed to be proved by the defendant, was material to the issue, as the jury might have found from the position of Davis, as a member of the vestry, in connection with other testimony, that he intended to sign the note in question, not as the surety of Chapman, but as a principal obligor." It seems to be clear, that if she is at liberty to prove by parol testimony that her true position as between herself and her co-maker was that of surety only, it was proper, indeed in this case it was imperative upon her, to allege it in the bill.

The demurrer admits the averment to be true, and therefore, being a surety, she is entitled to pay off the debt of her principal and be subrogated to all the rights of the creditor. *Freaner* v. *Yingling*, 37 Md. 497.

With respect to the tender of the money due, we think the allegations of the bill are sufficient. It appears, therefrom, that the appellee sought but failed to ascertain the exact amount due. She then paid into Court a sum more than sufficient to pay the debt with all proper interest and costs. *Dunan* v. *Chicora Co.*, 91 Md. 144; *Maughlin* v. *Perry & Warren*, 35 Md. 358.

The order will be affirmed with costs, and the cause remanded that the defendant may answer.

*Order affirmed with costs and remanded.*