ISABELLA NOELLERT *v.* EDWARD NOELLERT
[No. 69, October Term, 1935.]

*Decided January 16th, 1936.*

The cause was argued before BOND, C. J. URNER, OF-FUTT, SLOAN, SHEHAN, and JOHNSON, JJ.

*William T. Tippett, Jr.,* for the appellant.

*Harry Singerman,* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court No. 2 of Baltimore City, sustaining defendant's demurrer to appellant's petition and dismissing said petition, in which it is alleged in substance: (1) That on November 1st, 1928, she filed in the same proceeding of that court a bill of complaint against the defendant alleging his desertion of her on October 16th, 1920, said desertion having at that time continued uninterruptedly for more than three years, and in which bill of complaint she asked for a divorce *a vinculo matrimonii* from him and the custody of their minor child, stating that when last heard from defendant resided in Mt. Clemens, Michigan; (2) that after due notice by publication a decree *pro confesso* was entered, and testimony was taken on March 6th, 1929, with the result that she was granted an absolute divorce from the defendant and awarded the custody of their minor child; (3) that the defendant was a veteran of the World War, and the petitioner had recently learned that on June 8th, 1925, by order of the probate court for the County of Macomb, Michigan, the defendant was declared mentally incompetent and a guardian was appointed to look after his affairs, as more fully appeared from an exemplification of the records of that court filed with the petition as an exhibit; (4) that she had recently learned that the defendant had been confined in various hospitals in Michigan since some time in 1927; and (5) petitioner was then *satisfied* it was never the intention of the defendant to desert her but that he left her when his men-

tality was greatly impaired, and that he was mentally incompetent at the time she instituted her bill of complaint, and had she known of his mental condition and his whereabouts she would not have instituted her bill of complaint which terminated in the divorce. The petition concluded with a prayer that the divorce decree obtained by appellant be set aside and declared null and void.

By authority of the court of his appointment, defendant's guardian challenged the sufficiency of the allegations of the petition as a basis for the relief sought thereunder by filing a demurrer thereto. Our consideration of the case, therefore, is limited to a determination of the sufficiency of the allegations contained in the petition, as a basis for setting aside and annulling the decree obtained by appellant. For this purpose and in order to consider the petition upon its merits, we will treat it as within the exceptions to the general rule that the original decree, having become enrolled before the petition was filed, could be annulled only by bill of review. *Miller's Equity Procedure*, pars. 287, 288; *Foxwell v. Foxwell*, 122 Md. 263, 273, 89 A. 494, and cases there cited; *Pressler v. Pressler*, 134 Md. 243, 245, 106 A. 686.

It will be observed that appellant's allegations are that *subsequent* to the abandonment and desertion for which she obtained her decree, appellee was adjudicated an incompetent, and she now *believes* that even before the decree and at the time of the abandonment of which she complained in her bill his mental condition was such that she was not justified in seeking a divorce. This is far short of alleging his incompetency *at the time of the desertion* or within three years thereafter, and for all that is alleged in her petition, defendant may have been entirely sane at the time of the desertion and continued in that state until near the time of his adjudication almost five years later. Hence the allegations of the petition are not in conflict with the theory that appellee was sane at the time he deserted appellant and that such sanity continued the full statutory period of three years, and that some time subsequently thereto he became *non compos,*

in which case there seems to be no division of authority that such insanity, although existing at the time the suit for divorce was brought, would not be a bar to the suit. *Wright v. Wright,* 125 Va. 526, 99 S. E. 515, 4 *A. L. R.* 1331, and cases there cited; 34 *A. L. R.* p. 221; 9 *R. C. L.* p. 375; *Miller's Equity Procedure,* p. 21; 19 *C.J.* p. 77; *Schouler, Marriage, Divorce, Separation* (6th Ed.) sec. 1679.

From the authority last cited we quote as follows: "While a divorce will not be granted for acts committed during insanity, a divorce may be obtained for acts happening prior thereto notwithstanding the subsequent insanity. So desertion may be committed and a divorce obtained therefor although the defendant became insane before the action was brought, where he was of sound mind when the desertion for the statutory period occurred." See also *Stigers v. Brent,* 50 Md. 214.

Therefore, in view of the authorities cited, it becomes evident that appellant's petition failed to state facts sufficient to show that she was not legally entitled to maintain her suit for divorce and, this being true, the divorce must, so far as these allegations are concerned, be considered as valid and binding, both upon herself and her husband, in which case she would have no sufficient cause to seek its annulment, and the decree of the chancellor below sustaining the demurrer to her petition was correct.

However, the demurrer to the petition was sustained without leave to appellant to amend, and we are urged to disturb the decree upon this ground. This we hesitate to do, in view of the fact that appellant did not ask leave to amend *(Miller's Equity Proc.,* par. 183), and for the further reason that, both at law and in equity, the right of amendment rests in the sound discretion of the court, the exercise of which is not the subject of appeal. *Holloway v. Safe Deposit & Trust Co.,* 152 Md. 289, 300, 136 A. 269, and cases there cited; *Frisch v. Baltimore,* 156 Md. 310, 312, 144 A. 478.

In the case last cited, Judge Urner in that opinion said: "The record shows no request for an opportunity to make

a further amendment. It was not stated in the argument on appeal in what respect the declaration could be amended in accordance with the facts so as to overcome the objections which have been urged on demurrer. In *State, use of Lease, v. Bealmear*, 149 Md. 10, 15, 130 A. 66, 68, where the appeal was from a judgment for the defendant, on demurrer to his amended declaration, this court, in an opinion delivered by Judge Adkins, said: 'But it is earnestly argued that the case should be remanded in order to give appellant an opportunity to amend his *narr.*, the trial court having sustained the demurrer without leave to amend. In 2 *Poe Pl. & Pr.*, sec. 190, it is said: "It is now well settled that from the action of the lower court in granting an amendment in cases within their power, or in refusing to grant it, no appeal will lie." And that statement is fully supported by a number of decisions of this court. It is true there was an intimation in *Sterling v. Marine Bank of Crisfield*, 120 Md. 398, 87 A. 697, of a disposition to qualify that rule, and it may be that an arbitrary refusal to permit an amendment where the merits of the case seem to require it would not be sustained on appeal. But it must have seemed apparent to the judge who tried this case that no amendment would be effective, after the second attempt. It does not appear that any application was made for leave to amend. In the absence of such application, we do not think the appellant is in a position to ask for a reversal on the ground that an opportunity to amend was withheld.' In *Bracey v. McGary*, 134 Md. 273, 106 A. 622, it is said that only in the event of a great abuse of the lower court's discretion in regard to the allowance of amendments would its action be reviewed. There is nothing in the record before us to indicate such an abuse of discretion."

In a proceeding such as this, good faith and fair dealing made it obligatory upon appellant to inform the court fully of every material circumstance of the case within her knowledge which would show her right to the relief sought. She may not have known when he became incom-

petent, although no reason suggests itself as to why she could not have ascertained this while learning the date of his adjudication and his subsequent confinement in various Michigan hospitals, and certainly, having lived with him up to the time he deserted her, in 1920, she should have possessed peculiar knowledge of his mental condition as of that date, yet in this petition the only reason suggested for his lack of mental capacity at such period is based upon the fact of his adjudication five years later. Her failure to be specific in this regard, coupled with the fact that she asked no leave to amend, are elements consistent with knowledge on her part that her husband's mental condition was good at the expiration of three years from the date of the desertion charged by her, and, in view of these considerations, the chancellor was justified in the discretion thus exercised by him in dismissing her petition without leave to amend. The decree appealed from must be affirmed.

*Decree affirmed, with costs to appellee.*