## GEORGE S. FUNKHOUSER ET AL. *v.* FLORENCE V. MOOERS

[No. 4, January Term, 1941.]

*Decided February 19th, 1941.*

The cause was argued before SLOAN, MITCHELL, JOHNSON, DELAPLAINE, and COLLINS, JJ.

*W. Clinton McSherry,* with whom was *Bruce C. Lightner* on the brief, for the appellants.

*H. K. DeLauter,* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from an order passed by the Circuit Court for Frederick County, in Equity, refusing to strike out its previous order granting appellee (plaintiff below) leave to amend her original bill of complaint and also overruling appellant's demurrer to the amended bill of complaint. While, as observed, the order appealed from is twofold in character, appellants neither in their brief nor in oral argument before this court have questioned the correctness of the order with respect to the demurrer. For this reason that question will, under section 4 of Rule 39 of this court, be treated as abandoned.

To the original bill of complaint filed October 21st, 1937, the appellants both answered and demurred. The chancellor sustained the demurrer, but neither dismissed the bill nor granted leave to amend. Until January 14th, 1939, no further action had been taken by either of the parties when plaintiff petitioned for leave to amend, which leave was granted. Appellants thereupon, after being summoned, again both answered and demurred to

the bill. At the time for hearing on the demurrer, appellants moved to strike out the court's order granting leave to amend, and, as above observed, the correctness of that order in denying the motion is the only question presented for consideration.

Appellant's argument to support their contention that the chancellor had not the power to permit the amendment of the bill of complaint is based upon the premise that the chancellor's order sustaining the demurrer to the original bill was final; that it determined his inability to proceed further in the case upon the allegations contained therein, and it is well settled that from an order sustaining a demurrer an appeal will lie to this court.

There can, of course, be no doubt that the order is final in the sense that an appeal may be taken from the chancellor's action in overruling or sustaining the demurrer (*Miller's Equity Procedure*, section 307), but in our opinion it does not follow that it was final in the sense that the chancellor could not permit a bill to be amended after sustaining a demurrer thereto.

Code, art. 16, sec. 182, provides as follows: "If, upon the hearing, any demurrer shall be allowed, the court may, in its discretion, upon motion of the plaintiff, allow him to amend the bill upon such terms as it shall deem to be reasonable."

General Equity Rule No. 17 reads as follows: "The court shall at any time before final decree, in furtherance of justice and upon such terms as to payment of costs as may be just, permit any bill, answer, process, proceeding, pleading, or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court at every stage of the proceeding shall disregard any error or defect in the proceedings or pleadings which does not affect the substantial rights of the parties. A further and better statement of the claim or defense or further and better particulars of any matter stated in any pleading may be permitted upon order of court."

See also Code, art. 16, sec. 18, which reads: "Upon application of either plaintiff or defendant to any court of equity, he shall have the right, upon payment of such costs as the court may direct, to amend at any time before final decree, the bill of complaint, answer, pleas, demurrers, or any of the proceedings in any cause before the court, so as to bring the merits of the case in controversy fairly to trial."

The provisions quoted have in many decisions of this court been construed, as a result of which it may be stated as a general rule the chancellor is clothed with discretion in allowing or refusing amendments at any time prior to final decree, and such discretion will not be reviewed in the absence of its abuse. *Snook v. Munday,* 96 Md. 514, 515, 54 A. 77; *Kernan v. Carter,* 132 Md. 577, 104 A. 530; *Holloway v. Safe Deposit & Tr. Co.,* 152 Md. 289, 136 A. 269; *Buckner v. Jones,* 157 Md. 239, 145 A. 550; *Allers v. Klein,* 161 Md. 194, 155 A. 420; *Noellert v. Noellert,* 169 Md. 559, 182 A. 427; *Engle v. U. S. Fid. & Guar. Co.,* 175 Md. 174, 200 A. 827.

In the present case, although fifteen months elapsed before application to amend was made, the court had not dismissed the bill, nor is there anything shown from which it may be concluded that other rights had intervened in the meantime. This being true, it cannot be said that there was any abuse of the chancellor's discretion in permitting the amendment, and the order appealed from must be affirmed.

*Order affirmed, with costs.*