DIXON, ET AL. *v.* CARROLL COUNTY BOARD
OF EDUCATION, ET AL.

[No. 251, September Term, 1965.]

*Decided March 11, 1966.*

The cause was argued before HAMMOND, HORNEY, OPPEN-HEIMER and McWILLIAMS, JJ., and RAINE, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*James S. Ansell* and *Louis A. Scholz* for appellants.

*Stanford Hoff,* with whom was *L. Pearce Bowlus* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

The appellants, protestants against the building of a new area school in Carroll County, who alleged that they were property owners, taxpayers and voters, filed in the Circuit Court a pleading entitled "Petition for Injunction—Petition for Mandamus"

which sought to restrain the members of the County Board of Education and the County Superintendent of Schools from going forward with the proposed construction of the Winfield Area High School, and to restrain the State Board of Education—which was not made a party—from paying over any available funds to the County Board "until this matter has been corrected." The members of the County Board and the County Superintendent demurred to the pleading on the ground of the lack of standing of the complainants, the failure of the pleading to state a cause of action and because the suit was at law and should have been brought in equity, and Judge Weant sustained the demurrer without leave to amend.

In this Court the protestants argue that they had standing to sue, that their pleading was legally adequate as a petition for mandamus and the relief prayed should have been granted and, alternatively, that since the pleading showed they were somehow entitled to relief, the case should have been transferred to the equity side of the court and leave granted them to amend.

There is no need to pass on the standing of the protestants to sue for, assuming them to have had standing, we find their pleading, considered either as a petition for mandamus or as a bill of complaint, alleged no facts which, if proven, would entitle them to the aid of a court in interfering with the discretionary powers and duties of the school officials, a finding which makes it unnecessary also to discuss whether the pleading filed was a petition for mandamus or a bill of complaint and, if the latter, whether it should have been transferred to the equity side.

Judge Weant held that the basic effort of the appellants and the gravamen of their suit was to prevent the authorities from constructing a new school at a chosen location, that the Legislature had confided to the County School Board, under specified guidances, approvals, and restraints of the State school officials, discretionary power and authority to select and buy school sites, erect school buildings and enter into contracts in regard to both, and that the allegations in the pleading of the protestants did not set forth facts which showed that the County school officials had acted illegally, capriciously, arbitrarily, fraudulently or corruptly but rather were either complaints as to

action or inaction of State school officials, who were not parties, or conclusions or arguments without specifics, or referred to matters which had no relevance in regard to the decision of the County officials to build the school or their actions in going forward, or were a combination of two or more of these.

We agree with Judge Weant. It is clear that the County board is vested with discretionary power and authority in connection with the building of new schools. See §§ 3, 55 and 56 of Art. 77 of the Code (1965 Replacement Vol.).[1] In *Wiley v. School Comm'rs,* 51 Md. 401, 404-05, the Court said:

"If the proposed act in establishing the high school be within the scope of the authority delegated, as it clearly is, it is not competent to [*sic*] a court of equity [nor for a court of law by mandamus] to restrain the exercise of the discretion of the commissioners given by the statute, unless it be clearly shown that the power has been, or is about to be corruptly and fraudulently

---

1. Sec. 3 provides that educational matters affecting a county shall be under the control of the County Board of Education. Sec. 55 provides that such control shall be exercised "through its executive officers, the county superintendent, and his professional assistants." Sec. 56 provides:

"The county board of education shall divide the county into appropriate school districts, shall keep full records of the boundaries thereof, and shall locate and maintain schools, as needed, within each district.

"They are authorized and empowered with the approval of the State Superintendent of Schools, to purchase grounds, school sites or buildings, or to sell the same; to rent, repair, improve and construct school buildings, or to sell the same; to rent, repair, improve and construct school buildings, or approve contracts for so doing, when the plans conform to the rules and regulations of the State Board of Education, and are approved by the State Superintendent of Schools, as provided for in § 40 of this article.

"They shall employ an architect or architects on the recommendation of the county superintendent of schools to assist in the preparation of plans and specifications for remodeling old buildings and for constructing new buildings."

used. * * * Where the Legislature has confided the power of determining as to the wisdom and expediency of an act authorized to be done, to a board of public functionaries, with them the decision * * * must rest. And that is the case here. The Board of County School Commissioners being clothed with power, in their discretion, to establish a county high school, their determination upon the subject cannot be reversed or controlled by a court of equity [or law]."

To the same effect are *School Commissioners v. Morris,* 123 Md. 398; *School Com. of Car. Co. v. Breeding,* 126 Md. 83, 88; and *Coddington v. Helbig,* 195 Md. 330 (a case analogous to the instant case in that the protestants there sought to prevent the building of new schools and the closing of old ones), in which the Court held there was no proper allegation of illegality or fraud and that the broad authority given to build new schools where needed negated a finding that the bill alleged such a gross abuse of discretion as to amount to a breach of trust.

The pleading of the protestants consists of a melange of allegations, none of which show familiarity or conformance with Md. Rule 301 b (applicable to both law and equity), which provides that a pleading shall contain such statements of fact as may be necessary to constitute a cause of action and shall not contain argument, inference or matters of law. At the argument protestants conceded that the first eight paragraphs of their pleading, which set out the background of the controversy, might not state a cause of action and relied on subparagraphs a through m of paragraph 9 as alleging fatal failures of the County board to act in the manner required by statute.

Judge Weant did not analyze each of subparagraphs a through m of paragraph 9 of the pleading although he found, as have we, that all the allegations of the pleading were subject to the destructive weaknesses referred to earlier. We think it unnecessary to deal with each of the subparagraphs one by one, although we have given each careful consideration. It is sufficient to say that they fall into one or more of three classifications: (a) They are conclusions rather than allegations of facts in that, for example, they allege that the Board did not obtain "proper" approval of contemplated action or did not "properly" meet stat-

utory requirements without specifying what was done or not done or why or to what extent it was not proper. (b) Other allegations concern complaints as to the action or inaction of State officials. (c) Still others allege failure of the County school officials to comply with an apparent mandatory statutory obligation but do so only in the words of the statute involved without further allegations which state or permit identification of the subject matter referred to, or state or fairly permit an inference as to the pertinence or relevance of the claimed breach of duty to the exercise of the statutory power of the County school authorities to select a site and build a school on it.

The paragraphs and subparagraphs of the pleading considered separately or as a whole simply do not specify that the County school officials have exceeded the powers given them by statute to build a new school or that in exercising these powers they have acted fraudulently or corruptly or in breach of their trust. This being so, the demurrer to their pleading rightly was sustained.

The answer to the protestants' plea that they should have been allowed to amend their pleading is that the trial judge has wide discretion in deciding whether to permit amendment after a demurrer has been sustained, Md. Rule 320, and if there is no showing of an abuse of discretion, his determination on the point will not be interfered with. *Tilghman v. Frazer,* 198 Md. 250. The inadequate allegations of the protestants' pleading gave no sign that amendment could supply the necessary specifications that the school authorities had exceeded delegated powers or used those powers wrongly in the preparation for building or the building of the new school. It would seem, therefore, more appropriate for a new action to be commenced by the protestants, if the facts will permit such a course, than for them to attempt to amend the pleading in the present case. This was the conclusion reached in *Coddington v. Helbig, supra* (and in an analogous situation in *Masson v. Reindollar,* 193 Md. 683). We see no abuse of discretion here.

*Judgment affirmed, with costs.*