BAER *v.* BAER

[No. 116, September Term, 1968.]

*Decided March 7, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, McWILLIAMS, FINAN and SINGLEY, JJ.

*Robert Allen Sapero* for appellant.

*John J. Ghingher, Jr.*, with whom were *Weinberg & Green*
on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

A detailed review of the facts and contentions before us in
this divorce case will neither advance the state of our law nor
bring happiness or satisfaction to the parties.

Mr. and Mrs. Baer, both of whom had been previously mar-
ried, were married on 13 January 1961. The sea of matrimony
became storm-tossed as soon as they embarked, and remained
so until Mr. Baer left the marriage domicil on 19 December
1965. Mr. Baer says he was told to "get out" and contended
that his wife's conduct amounted to constructive desertion; Mrs.
Baer says that she was deserted by her husband.

On 22 December 1965, Mr. Baer brought suit in the Circuit
Court for Baltimore County for a partial divorce charging Mrs.
Baer with constructive desertion. On 29 December 1965, Mrs.
Baer countered with a bill for permanent alimony, which she
filed in Baltimore City. On 23 February 1966, she filed a com-
plaint for separate maintenance in Florida, and on 3 March
1966, dismissed the action in Baltimore City. On 28 March
1967, she filed an answer and a cross bill in the *a mensa* action
in Baltimore County. On 22 June 1967, Mr. Baer filed a sup-
plemental bill of complaint in Baltimore County, praying a di-

vorce *a vinculo* on grounds of constructive desertion and adultery. Mrs. Baer responded with a supplemental cross bill, asking a divorce *a vinculo,* alleging desertion and adultery.

On this state of the pleadings, the case went to trial. At the end of the fourth day of trial, when all the testimony was in, Mrs. Baer moved to amend her supplemental cross bill of complaint by striking out the prayer for an *a vinculo* divorce. From a decree granting Mrs. Baer a divorce *a vinculo,* alimony of $720 per month, counsel fees of $3,000 and costs, appeals were taken by both Mrs. Baer and Mr. Baer.

The only substantial question raised by this appeal is whether the trial court abused its discretion in refusing to permit Mrs. Baer to amend her cross bill which Mrs. Baer assigns as an additional ground for her appeal. The allowance of alimony, counsel fees and costs ordinarily lies within the sound discretion of the trial court and will not be disturbed. Mrs. Baer's conduct during the marriage did not, under the decisions of this Court, amount to constructive desertion, and Mr. and Mrs. Baer's charges and countercharges of adultery are not supported by proof of a character which we have consistently required. Since Mrs. Baer's cross bill contained no prayer for a determination of property rights she cannot now complain that the decree was silent in this respect.

Maryland Rule 320 deals with amendments:

> "a. *Scope and Purpose.*
>
> 1. Process, Pleadings and Record.
>
> The court may permit any of the proceedings, including process, pleadings, and record, to be amended so that the case may be tried on its merits.
>
> * * *
>
> "c. *Time for Amendment.*
>
> 1. Before Trial—Trial before Court.
>
> In a case heard or tried before the court without a jury, any amendment may be made at any time before a final judgment or decree is entered.
>
> * * *
>
> "d. *Procedure.*
>
> 1. Motion for Amendment.
>
> (a) Oral or Written.

A motion to amend may be made orally in open court or in writing.

(b) Leave of Court.

An amendment shall not be made without leave of court but leave to amend shall be freely granted in order to promote justice. Such leave to amend shall be in writing, unless given in open court, in which event it may be oral."

While amendments should be freely allowed to serve the ends of justice, *Earl v. Anchor Pontiac Buick, Inc.,* 246 Md. 653, 229 A. 2d 412 (1967); *Jacobson v. Julian,* 246 Md. 549, 229 A. 2d 108 (1967); *County Comm'rs v. C. J. Langenfelder & Son, Inc.,* 237 Md. 368, 206 A. 2d 710 (1965); *Stoewer v. Porcelain Enamel & Mfg. Co.,* 199 Md. 146, 85 A. 2d 911 (1952), and may properly be suggested by the court in the interest of justice, *Ritz v. Ritz,* 188 Md. 336, 52 A. 2d 729 (1947), the allowance of an amendment is within the discretion of the trial court, *Stoewer v. Porcelain Enamel & Mfg. Co., supra; Snook v. Munday,* 96 Md. 514, 54 A. 77 (1903); Miller, *Equity Procedure* (1897) § 182 at 231, and no appeal will lie from the allowance of an amendment, *Smith v. Shiebeck,* 180 Md. 412, 24 A. 2d 795 (1942); *Thillman v. Neal,* 88 Md. 525, 42 A. 242 (1898); *Scarlett v. Academy of Music,* 43 Md. 203 (1875); *Warren v. Twilley,* 10 Md. 39 (1856), or from a refusal to allow an amendment, *Engle v. United States Fidelity & Guaranty Co.,* 175 Md. 174, 200 A. 827 (1938); *Kernan v. Carter,* 132 Md. 577, 104 A. 530 (1918); *Calvert v. Carter,* 18 Md. 73 (1861), in the absence of a showing of an abuse of discretion, *Hertelendy v. Montgomery County Bd. of Appeals,* 245 Md. 554, 226 A. 2d 672 (1967); *Dixon v. Carroll County Bd. of Educ.,* 241 Md. 700, 217 A. 2d 364 (1966); *Carder v. Steiner,* 225 Md. 271, 170 A. 2d 220 (1961); *Simon v. Robinson,* 221 Md. 200, 154 A. 2d 911 (1959); *Bowersock v. Bowersock,* 210 Md. 427, 123 A. 2d 909 (1956); *Perlmutter v. Minskoff,* 196 Md. 99, 75 A. 2d 129 (1950); *Dougherty v. Dougherty,* 187 Md. 21, 48 A. 2d 451 (1946); *Funkhouser v. Mooers,* 179 Md. 266, 18 A. 2d 205 (1941); *Buckner v. Jones,* 157 Md. 239, 145 A. 550 (1929); Maryland Code (1951) Art. 16, §§

18, 193; Former General Equity Rule 17. *But compare Town of Somerset v. Montgomery County Bd. of Appeals,* 245 Md. 52, 225 A. 2d 294 (1966); *Brucker v. Benson,* 209 Md. 247, 121 A. 2d 230 (1956); *Sterling v. Marine Bank of Crisfield,* 120 Md. 396, 87 A. 697 (1913), where abuse of discretion was found.

We regard as misplaced Mrs. Baer's reliance on *Wald v. Wald,* 161 Md. 493, 159 A. 97 (1931) where our predecessors set aside the granting of a divorce which had never been prayed. The chancellor was not impressed by Mrs. Baer's contention that she proposed to abandon the prayer for an *a vinculo* divorce in order to save the marriage, and under the facts in the record before us, we see no reason why he should have found this persuasive. There was ample evidence for him to find, as he did, that the attempt to amend was a tactical move, not dictated by a desire to promote justice. Under such circumstances, we cannot say that there was clear abuse of his discretion.

*Decree affirmed; costs to be paid by appellee.*