## PREISSMAN *v.* DIRECTOR OF THE ENOCH PRATT FREE LIBRARY

[No. 18, September Term, 1971.]

*Decided October 11, 1971.*

*Motion for rehearing filed November 10, 1971; denied November 15, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Isidore Gordon Preissman* for appellant.

*Clayton A. Dietrich, Chief Assistant Solicitor,* and *Michael J. Doxzen, Assistant City Solicitor,* with whom was *George L. Russell, Jr., City Solicitor,* on the brief, for appellee.

McWILLIAMS, J., delivered the opinion of the Court.

The appellant (Preissman) has been a member of the Baltimore bar for more than 30 years. In September 1970 he prayed the issuance of the writ of mandamus against the appellee (Castagna), the Director of the Enoch Pratt Free Library. Apparently unmindful of Maryland Rules BE40 c, 303 b, and 5 c he failed to verify his petition. The trial judge, Harry A. Cole, J., sustained the appellee's demurrer without leave to amend. Preissman's appeal is from the ensuing judgment for costs.

It appears that late in August 1970 Preissman was on his way to the library to return three books he had borrowed. He stopped to make a business call leaving the books on the front seat of his car. The window next to the seat was open. During his absence the books were stolen. He reported the loss and offered to pay for the books. A few days thereafter he tried to borrow two more books. He was told he could not take them out of the library but that he was otherwise free to use them. He instituted this action shortly thereafter.

Castagna's demurrer, filed in late September, recites the absence of the verification and alleges a failure to allege facts showing that Castagna's decision was purely ministerial. Although the case was not heard until mid-November, Preissman, in the interim, made no effort to amend his petition or to have it verified. Judge Cole, in his opinion, observed that "[i]t is undisputed that the Director will allow plaintiff to use the books in the Library building during normal hours in which the Library is open." He added the comment that the books were "on loan to the defendant from the Library of Congress." He went on to say:

"Here it is clear to the court the Director

would be charged with the responsibility to determine which books could be taken from the Library and which books could be used only in the Library. He would determine this in light of the age, condition, scarcity, and ownership of the books. As such he would be exercising his discretion.

"The books in the instant case were not being denied for use to the Petitioner, but the use was conditioned. The Director had the right to do so. (See Dixon v. Carroll County Board of Education, et al. 241 Md. 700.)

"Without discussing the merits of the other points raised by the Demurrer, the court will sustain the Demurrer without leave to amend and it is so Ordered."

We have already spoken of Preissman's curious inertia, in respect of the missing verification, during the weeks preceding the hearing. Moreover we note that, after the hearing, Judge Cole held the matter sub curia for a month so that Preissman could submit a memorandum. He began his memorandum as follows:

"1. As to ground 1 [the lack of a verification] of the Defendant's demurrer, the Honorable Court completely passed over said ground by proceeding directly to consideration of ground 2 thereof immediately following."

Ground 1 was not referred to thereafter. In this Court he took the position that since Judge Cole did not mention verification the issue was not properly before us. He forgets, of course, that the trial judge can be right for more than one reason.

Lest it be supposed that Judge Cole ought to have granted leave to amend as of course, it should be recalled that we have said many times that the trial judge has wide discretion in deciding whether an amendment is to be permitted after a demurrer has been sustained and,

absent an abuse of that discretion, ordinarily we will not disturb his exercise of it. *See, e.g., Wockenfuss v. Kasten Construction Co.,* 258 Md. 541 (1970) ; *Dixon v. Carroll County Bd. of Educ.,* 241 Md. 700 (1966), and cases cited therein. Even so, if timely application is made a court usually will grant leave to amend at any time before a final order is entered. Rules 320 a 1, 320 c 1, 320 d 1 (b) ; *Hall v. Barlow Corp.,* 255 Md. 28 (1969), and cases cited. Preissman elected not to avail himself of any of these provisions, choosing instead "to *rest upon the final judgment* rendered following the order sustaining said demurrer." In the circumstances we do not think he would be entitled to a remand to permit amendment. *Whittle v. Munshower,* 221 Md. 258 (1959), *cert. den.* 362 U.S. 981 (1960) ; *Carder v. Steiner,* 225 Md. 271 (1961).

We would agree that having the demurrer of one's adversary sustained without leave to amend is a traumatic experience but Preissman may draw some measure of solace from the realization that, even if we gave him another go at it, his chances of success would be quite dim. He has admitted he was not denied the use of the books and that others also were denied the withdrawal privilege. It is clear, we think, that Castagna is charged with the responsibility of caring for all books in his possession, and that ownership, age and condition are relevant factors in determining what books should remain in the library. Having this responsibility, we cannot say there exists an absolute duty that he make *all* books available, at *all* times, to *all* citizens. Indeed, a borrower's past behavior should be an important consideration. A court will always invoke equitable principles when confronted with a petition for mandamus in order to reach the real merits of the controversy between the parties. *Ipes v. Board of Fire Comm'rs,* 224 Md. 180 (1961).

> *Judgment affirmed.*
> *Costs to be paid by the appellant.*