WILLIAM F. BRACK *v.* CARLYLE BARTON, ET AL.
[No. 11, October Term, 1945.]

*Decided December 17, 1945; rehearing denied January, 17, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Robert W. McCullough* for the appellant.

*Gordon S. Duvall* for the appellee, Edward L. Ward.

*George S. Yost* for appellee, Carlyle Barton.

GRASON, J., delivered the opinion of the Court.

William F. Brack filed an amended declaration against Carlyle Barton in the Baltimore City Court. Barton entered a demurrer thereto, which the court sustained, without leave to further amend. From a judgment entered thereon for the defendant for costs, the plaintiff appeals to this Court. Brack also filed in the same court an amended declaration against Edward L. Ward, to which a demurrer was filed and sustained by the court, without leave to further amend. From a judgment entered thereon for the defendant for costs, Brack appeals. Both of the cases are set out in this record, which contains all prior pleadings.

Brack was sued in one of the equity courts of Baltimore City. He employed Barton to defend him, and all of the proceedings in the case were conducted by Barton as Brack's solicitor. The decree was against Brack. A settlement of the case was effected, whereby Brack was to pay the plaintiff therein the sum of $6,000. Brack signed a check in this amount for the purpose of settlement, but claimed $270 should be refunded to him on account of costs incurred for certain stenographic transcripts. At this stage of the matter, Brack, in proper person, against the advice of Barton, filed a paper in the case, said to be in the nature of a "motion for a new trial," or a "motion in arrest of judgment," and Barton, as he had a perfect right to do, struck out his appearance for Brack in the case. Thereafter Brack employed Edward L. Ward to succeed Barton as his solicitor, for the purpose of an appeal, and Barton then delivered to Ward the check for $6,000 signed by Brack.

The amended declaration against Barton contains two counts. Each is extremely lengthy and verbose. The first count, stripped of irrelevant and immaterial matter, is an action in assumpsit to recover from Barton $270 which Brack contends was due him out of the $6,000 to reimburse him for costs paid by him for certain transcripts. It is perfectly apparent from the record that Barton delivered the check to Ward, who succeeded him

in the case. As Ward was at that time Brack's solicitor in the matter, the delivery of the check by Barton to him was just as effectual as if he had delivered the check to Brack personally. Ward, as Brack's solicitor, was authorized to receive the same from Barton for account of his then client. It is perfectly preposterous, under such circumstances, for Brack to assert that Barton owes him $270. The count is bad.

The second count in the amended declaration against Barton attempts to set up an action on the case for breach of professional duty he owed Brack in the trial of the equity case referred to. Without averring a single fact that in the remotest degree sustains the same, this count, at considerable length, abounds in charges of fraud, assumptions of fact, and legal conclusions. Such a pleading is legally a vacuum. Facts must be alleged from which it appears to the court that the plaintiff has stated a good cause of action against the defendant.

In *Ragan v. Susquehanna Power Co.*, 157 Md. 521, at page 526, 146 A. 758, at page 760, in considering the correctness of a ruling sustaining a demurrer to a declaration, Chief Judge Bond said, with reference to such words as "illegally," "unlawfully," and "fraudulently": "Such words as these are characterizations of the needed facts rather than allegations of them. Charges of fraud are never regarded in law as sufficient unless accompanied with allegations of the facts and circumstances which constitute the fraud." See cases cited.

"The law is well settled that an allegation of duty without stating the facts which raise the duty is insufficient. It is equally true that if the facts stated do not raise the duty alleged the allegation of duty is immaterial." *Hewison v. City of New Haven*, 34 Conn. 136, 138, 91 Am. Dec. 718. See also: *State Founders, Inc. v. Oliver*, 165 Md. 360, 169 A. 59; *Jeter v. Schwind Quarry Co.*, 97 Md. 696, 699, 55 A. 366.

This count was bad.

The amended declaration, against Barton is also bad for misjoinder. You cannot join a count in assumpsit

with a count in case. *Poe, Pleading and Practice* (Tiffany Ed.), Vol. 1, Sec. 283; *Pearce v. Watkins,* 68 Md. 534, 538, 13 A. 376; *Weaver v. Shriver,* 79 Md. 530, 30 A. 189. There were other points raised by Barton, which we need not discuss.

The amended declaration against Ward contains one count. Stripped of all charges of fraud, assumptions of fact, and legal conclusions, rendered irrelevant and immaterial because there are no averments of fact to support them, there, nevertheless, remain the allegations that Brack employed Ward to prosecute an appeal from the decree in the equity case and agreed to pay Ward a fee of $1,000; and that Ward accepted the employment, but failed to perfect the appeal, and the decree became final.

In the second count of the declaration against Barton, Brack avers: "that the case (equity case) was tried before Judge Eugene O'Dunne, in December, 1940, and that a decree was entered against the plaintiff and that said judgment was paid on September 22, 1941." It is true that there is an assertion that the payment was induced because of fraud, duress and undue influence, but there is not the slightest fact averred to sustain such charges. We have, therefore, in this case, a lawyer who was consulted regarding an appeal from an equity decree; that a sum was paid by Brack to settle this equity decree, and he brings this suit against Ward for failure to prosecute the appeal. While it would not be necessary to aver payment of the fee by the client, yet it is a fact that there is no averment that Ward has been paid anything by Brack. The original tort action was brought against Ward and Barton jointly. In that declaration Brack avers that he "conferred with the said Ward with regard to an appeal to the Maryland Court of Appeals but said Ward, through negligence, advised him against an appeal." In the amended declaration here considered, Brack asserts that Ward accepted employment. The two statements of Brack regarding Ward's employment are irreconcilable. It seems apparent to us from the

record, that Brack consulted Ward after Barton retired from the case; that Ward, after considering the matter, refused to prosecute the appeal in the equity case for Brack and that Brack settled the equity case. It was Ward's duty to be frank with Brack and to advise him, if that was his opinion, that he could not prosecute the appeal successfully. There is no allegation in the *narr* that Ward delayed the matter so as to prevent Brack from getting another attorney to take the appeal. Brack really settled the matter and then charged Ward with a variety of wrongdoings, but does not aver a single fact to sustain the charges. It is not necessary for us to go into the law minutely with reference to the relationship of a client and attorney, for the law has been thoroughly settled by this Court. *Cochrane v. Little,* 71 Md. 323, 18 A. 698; *Busey v. Perkins,* 168 Md. 19, 25, 176 A. 474; *Caltrider v. Weant,* 147 Md. 338, 128 A. 72; *Watson v. Calvert Bldg. & Loan Ass'n,* 91 Md. 25, 45 A. 879; *Kendall v. Rogers,* 181 Md. 606, 31 A. 2d 312. We consider the amended declaration against Ward bad.

It has been urged that Brack should have another opportunity to further amend his pleadings in these cases. The record shows that at the hearing of the demurrer to these amended declarations the court asked counsel for Brack if he had any facts to support the charges made therein. Counsel made a statement to the court, but told the court no facts whatever. Request was made by counsel to permit Brack to make a statement of facts to the court, which would sustain his charges. This the court did, but Brack stated no facts whatever. All of this is set out in the record. The court gave Brack every opportunity to show him any facts he had which would support any or all of the general charges made in both declarations. The matter of allowing further amendment to the declarations was in the discretion of the court. In *Frisch v. Baltimore,* 156 Md. 310, at page 313, 144 A. 478, at page 479, the court said: "In *Bracey v. McGary,* 134 Md. 273, 279, 106 A. 622, it is said that only in the event of a great abuse of the lower

court's discretion in regard to the allowance of amendments would its action be reviewed." And as was said in the Bracey case, we say here, there is nothing in the record before us to indicate such an abuse of discretion.

*Judgment affirmed in Brack v. Barton, with costs; judgment affirmed in Brack v. Ward, with costs.*