## PETITION OF BRACK
[No. 38, October Term, 1946]

*Decided December 13, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

William F. Brack, in *pro per.,* for the appellant.

No appearance and no brief for the appellee.

COLLINS, J., delivered the opinion of the Court.

William F. Brack filed with the Supreme Bench of Baltimore City on May 16, 1946, a petition alleging unethical conduct on the part of two attorneys of the Baltimore City Bar, namely: Messrs. Carlyle Barton and Edward L. Ward, formerly employed by him. He asked the Supreme Bench to assume jurisdiction, make such investigation as the case might require, and take such disciplinary action as it deemed proper under the circumstances. On June 13, 1946, by order the Supreme Bench of Baltimore City denied the relief prayed. From that order William F. Brack appeals here.

As was pointed out in the case of *In re Williams*, 180 Md. 689, reported in full in 23 A. 2d 7, no appeal in cases of disciplinary action against attorneys existed to this Court prior to the Acts of 1929, Chapter 370, Section 10F, Flack's Code, Article 10, Section 17. This section provides:

"Every attorney who shall, after a hearing held as hereinbefore prescribed, be found guilty of professional misconduct, malpractice, fraud, deceit, crime involving moral turpitude or conduct prejudicial to the administration of justice, shall have the right of appeal to the Court of Appeals of Maryland, as in civil cases, except the Court of Appeals shall have the right to review the entire proceedings and affirm, modify, alter or reverse the order from which said appeal is taken as the substantial merits of the cause and the ends of justice may require."

By the statute this appeal is given to the attorney found guilty and not to any other person.

It was pointed out by this Court in the very recent case of *Rheb v. Bar Association of Baltimore City*, 186 Md. 200, 46 A. 2d 289, that, since the Acts of 1929, no rules have been adopted relating to disbarment or discipline of attorneys. It was said in that case, 186 Md. at page 205, 46 A. 2d. at page 291, "In the last analysis the duty rests upon the courts, and the profession as a whole, to uphold the highest standards of professional conduct

and to protect the public from imposition by the unfit or unscrupulous practitioner." An individual can, of course, report the unethical conduct of an attorney which he believes justifies disciplinary action to the Court, the Bar Association, or the State's Attorney of the city or county. Disciplinary action against attorneys is in the particular province of the Court. The duty of disciplinary action against an attorney rests upon the courts and the legal profession. Flack's Code, 1939, Article 10, Sections 11, 12, 13, 14.

As there is no appeal to this Court in a case involving disciplinary action, such as that here requested, against an attorney, except as provided in Article 10, Section 17 *supra,* and as that appeal is given only to the attorney found guilty, and there is no appeal provided to a private individual feeling aggrieved thereby, the appeal must be dismissed.

In passing it might be well to note that the substantial matters in this petition were passed upon by this Court in the very recent cases of *Brack v. Barton and Ward,* 185 Md. 468, 45 A. 2d 100, where demurrers to Brack's declarations in suits against these same attorneys were sustained. We find no more in the case here before us than in those cases.

*Appeal dismissed.   Costs to be paid by the appellant.*