## LEVIN *v.* UNION NATIONAL BANK OF WESTMINSTER ET AL.

[No. 174, September Term, 1960.]

604

Decided March 28, 1961.

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, HORNEY and MARBURY, JJ.

*Joseph H. Colvin* for the appellant.

*David H. Taylor* and *Stanford Hoff* for the appellees.

HENDERSON, J., delivered the opinion of the Court.

The declaration in this case alleged that Howard Levin purchased from the Prudential Savings Bank of Brooklyn, New York, on October 25, 1957, a teller's check or bank draft, payable to his order in the sum of $3,700. The check was drawn upon the Manufacturers Trust Company, Brooklyn, New York. Levin indorsed it: "In payment to City Motor Co. Inc. as per signed agreement of Nov. 4, 1957", and signed his name thereunder. He delivered the check to certain named individuals doing business in Westminster, Maryland, as "City Motor Co.", one of whom indorsed the check "for Deposit Only in Union National Bank [of Westminster] City Motor Company", where the association kept its account. This bank placed upon it the usual stamped indorsement, "pay to the order of any bank * * * prior endorsements guaranteed", and forwarded it to the First National Bank of Baltimore where on November 12, 1957, it was similarly stamped and then paid in New York by the drawee.

On May 20, 1960, Levin filed suit in assumpsit against the two Maryland banks, attaching a copy of the check and alleging that the defendant banks guaranteed the genuineness and authority of prior indorsements under Code (1957), Art. 11, sec. 121, and that the indorsement by an unincorporated association of individuals trading as City Motor Company was "defective and irregular". The declaration further alleged that these individuals had falsely and fraudulently represented to

him that City Motor Company was a corporation of which they were the stockholders and that he suffered loss and damage by the banks' action. The plaintiff also moved for summary judgment, appending an affidavit that repeated the allegations of the declaration and particularly the claim upon a guaranty, claiming a loss of $3,700, less a credit of $778.67 realized in a subsequent equity proceeding against the persons therein mentioned. The defendant banks filed a demurrer and affidavits that the banks had a good and valid defense. The demurrer was sustained without leave to amend. Although judgment for costs was not entered at that time, it was entered subsequent to the argument of this appeal, and, by agreement of the parties, we treat the case as on appeal from that final order.

The appellees appear to concede that Levin's indorsement was special and in legal effect a direction to pay to a nonexistent corporation, although the fact of its nonexistence was unknown to the indorser. The appellant contends that the subsequent indorsement in the name of City Motor Company was "forged, or made without authority of the person whose signature it purports to be", and hence "wholly inoperative", under Code (1957), Art. 13, sec. 44. He contends that the collecting banks are liable to him under Code (1957), Art. 11, sec. 121, as guarantors of the genuineness and authority of prior indorsements. We think the appellant has misconceived his remedy.

Section 121 is a part of the Bank Collection Code, a uniform law. See Code (1957), Art. 11, secs. 133 and 134. Section 121 provides that: "An indorsement 'pay any bank or banker' or having equivalent words shall be deemed a restrictive indorsement and shall indicate the creation of an agency relation in any subsequent bank to whom the paper is forwarded * * * such indorsement or other restrictive indorsement whether creating an agency or trustee relationship shall constitute a guaranty by the indorser to all subsequent holders and to the drawee or payor of the genuineness of and the authority to make prior indorsements and also to save the drawee or payor harmless in the event any prior indorse-

ment appearing thereon is defective or irregular in any respect unless such indorsement is coupled with appropriate words disclaiming such liability as guarantor." Plainly, the guaranty runs only to subsequent holders in the collection process and the drawee. For cases so holding, see *First Nat. Bank v. North Jersey Trust Co.*, 14 A. 2d 765 (N. J.); *Railroad Bldg., Loan & Sav. Ass'n v. Bankers Mortg. Co.*, 51 P. 2d 61 (Kan.).

The cases recognize that a drawer of a negotiable instrument payable to a designated payee whose signature is forged may sue the drawee in contract for having paid out in violation of his order to pay only to the payee or the person designated by the payee's order. The drawee, of course, would have rights over against the collecting banks upon their guaranty of prior indorsements. The cases also recognize that the payee whose signature is forged would have a conversion action against the drawee, but not a contract action, for paying funds upon an instrument bearing his forged indorsement. A payee whose signature is forged also has a remedy against a collecting bank upon the theory that it holds the proceeds as a constructive trustee. See *Nat. Union Bank v. Miller Rubber Co.*, 148 Md. 449, 455; *Lindsley v. First Nat. Bank of Philadelphia*, 190 Atl. 876 (Pa.); *Henderson v. Lincoln Rochester Trust Co.*, 100 N. E. 2d 117 (N. Y.). To some extent the theory rests upon avoidance of circuity of action, especially where the suit is in equity, as in the *Rubber Co.* case, *supra*. See Note, 36 Harv. L. Rev. 879. It was said in *Fidelity-Balto. Nat. Bank v. John Hancock Ins. Co.*, 217 Md. 367, 371, that a drawer likewise has an action against a collecting bank, although there is authority to the contrary. See *California Mill Sup. Corp. v. Bank of Am. N. T. & S. Ass'n*, 223 P. 2d 849 (Cal.); *Trojan Pub. Corp. v. Manufacturers Trust Co.*, 83 N. E. 2d 465 (N. Y.). Doubtless the question would depend upon whether the title to the check, or the proceeds, remained in the drawer, as it did in the *Fid.-Balto. Bank* case, *supra*, or passed to the true payee. In the instant case Levin was not the drawer of the instrument in question, nor was he a payee whose signature was forged. If we assume

without deciding, that he could exercise, by analogy, the rights of a drawer or payee against the collecting banks, still he cannot properly declare upon a guaranty that runs only to the drawee or transferees in the collection process set in motion by the purported agents of a nonexisting or fictitious indorsee. The declaration contained only one count, and the demurrer to it was properly sustained.

If we were convinced that the plaintiff had a meritorious claim, we might perhaps remand the case for further proceedings under Maryland Rule 871 a, to permit amendment of the pleadings. See *Landay v. Cohn,* 220 Md. 24, 29. However, we have declined to remand a case to permit the setting up of a new and different case upon an inconsistent theory, *Schneider v. Davis,* 194 Md. 316, and it does not appear that any request for permission to amend was made in the lower court. Moreover, without passing upon the merits of the points raised in the appellees' brief, we may note that the appellees assert that the appellant sustained no damage by reason of his belief that City Motor Company was a body corporate rather than an association and that the real cause of the loss was the breach of contract by the persons doing business in that name, who failed to deliver "certificates of origin" on two automobiles purchased by them with the proceeds of the loan. Ordinarily, incorporation is a method of limiting liability, and it is difficult to see how the mere fact that they represented themselves to be stockholders rather than partners could have caused the loss. The appellees further contend that the check was intended for the persons with whom he dealt and invoke the so-called impostor rule. They further contend that Levin would be precluded from setting up the want of authority in the indorsees to accept the check made payable to the nonexistent corporation by reason of his lack of diligence in ascertaining the fact that City Motor Company had not been incorporated and because of his delay of more than two and one-half years in proceeding against the collecting banks and his failure to make claim until after he had pursued a remedy in equity against the persons named and had obtained a recovery of some $800 from them. Under all

the circumstances we think the judgment of the trial court should be affirmed.

*Judgment affirmed, with costs.*