CARDER *v.* STEINER et al.

[No. 237, September Term, 1960.]

*Decided May 5, 1961.*

*Motion for rehearing filed and denied May 12, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Weldon Leroy Maddox,* for appellant.

*Joseph S. Kaufman, Deputy Attorney General,* and *Robert L. Karwacki,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

Appellant sued the Warden of the Maryland House of Correction and a guard of that institution to recover damages he alleges he suffered while a prisoner, when the guard closed his cell door upon him in such a manner as to strike and injure him. A demurrer to the declaration was sustained.

The declaration alleged that the Warden had the duty to appoint a guard only after a rigid investigation as to his fitness and qualifications for the post, that it was the duty of the guard not to close any door in the cell block until assured that all inmates were free and clear of the doors and that despite these duties, the Warden "maliciously, wilfully, negligently and without due care employed and retained" the guard, "knowing him to be an unfit and improper person to perform the duties of a guard," and that the Warden in the same derelict manner supervised the guard. The declaration continues by alleging that the guard "maliciously, wilfully, negligently and without due care closed the cell door" on the

prisoner "knowing full well that the plaintiff at the time was not free and clear of the said cell door and that said cell door would strike upon and against the plaintiff."

This Court held recently in *Clark v. Ferling,* 220 Md. 109, 114, 115, that the Superintendent of the Maryland State Reformatory for Males was "a public officer; that his duties in safely confining the deceased were public in character and quasi-judicial in nature, in that they involved the exercise of discretion; and that he is not liable for injuries inflicted by one of his prisoners upon another, at least, in the absence of an allegation of malice or evil purpose on his part, that he knew of some unusual danger to the party injured, or that he participated in inflicting the injury." The holding was grounded on the rule of law that when the complaint is for failure by a state agent to perform at all, or properly, duties that call for the exercise of judgment and discretion "the text writers and the cases * * * seem to be in universal accord in holding that the public officer is immune from liability, at least, in the absence of a showing of malice."

It is agreed that the duties and obligations of the Warden in the present case are identical with those of the Superintendent in the *Ferling* case and therefore, as that case held, they are continuing in nature, and call for the exercise of some portion of the sovereignty of the State, and the exercise of discretion.

It follows that the Warden is not to be held liable to a prisoner unless there is a showing of evil purpose or malice on his part. The allegations that the Warden was derelict in the appointment of the guard are made meaningless by the provisions of the Merit System law of the State which control, and of which the Court takes judicial notice. Under Code (1957), Art. 64A, Sec. 2, guards at the Maryland House of Correction are specifically included in the classified service and their employment is made subject to all the provisions of Art. 64A. Section 17 of that article charges the State Commissioner of Personnel with the duty of determining the fit-

ness of applicants for positions as prison guards and of recommending a list of qualified persons to the Warden when a vacancy exists. The Warden must choose from a list submitted to him.

The allegations that the Warden "maliciously, wilfully, negligently and without due care" employed, retained and supervised the guard knowing him to be unfit, are conclusions of the pleader without allegations of fact to support them. There are no allegations of facts which show evil purpose, ill will or malice. Significantly lacking is the allegation the Warden participated in any way in the acts which injured appellant. The allegations made fail to state a cause of action against the Warden. *Clark v. Ferling, supra; Martin v. Moore,* 99 Md. 41, 48; *Cocking v. Wade,* 87 Md. 529.

The appellant contends that the guard's duties are ministerial only and he is liable for negligence in their performance, without a showing of malice. The guard counters by saying that he, like the Warden, is a public agent exercising discretion, and therefore is immune from suit unless evil purpose or malice on his part is shown, to the same extent as the Sheriff in *Cocking v. Wade* and the Superintendent in *Clark v. Ferling,* both *supra.* On this premise he contends further that the allegations that he "maliciously, wilfully, negligently and without due care" closed the cell door on the prisoner are inconsistent (in that an act cannot be both malicious and wilful and merely negligent at the same time) and must be construed against the pleader and, so, amount to no more than an allegation of simple negligence, which is not enough to charge him with actionable wrong.

We agree that the guard is a public officer within the meaning of the rule of the *Ferling* and *Cocking* cases. Immunity from liability rests not on the dignity of the office but rather upon the nature of the function exercised. A policeman has been held to be a public officer. *Harris v. Mayor & C. C. of Baltimore,* 151 Md. 11; *Dempsey v. N. Y. Central & H. R. R. Co.* (N. Y.), 40 N. E. 867; 2 Cooley, *Law of Torts* (4th

Ed.), Sec. 300, p. 389; cf. *Wynkoop v. Mayor & Coun. of Hagerstown,* 159 Md. 194, 200; *State v. Baltimore County,* 218 Md. 271. A prison guard, like a policeman, acts as an arm of the State, in keeping incarcerated those committed to imprisonment and in maintaining order in the prison, and is not to be held liable civilly for damages resulting from mere negligence in the performance of his duties. The allegations that the guard wilfully and maliciously closed the door on the prisoner, knowing that the latter at the time was not free and clear, and that the cell door would strike him, could perhaps be read to charge a deliberate and malicious intent to hurt the prisoner, if it were not for the juxtaposition of the words "negligently and without due care." The inclusion of these words in the allegation makes it inconsistent and its meaning doubtful.

There are lacking allegations of plain fact sufficient to charge actual malice or deliberate intent, and we find that there was no error in sustaining the guard's demurrer to the declaration. The words of a pleading, like those of any written instrument, should be given a reasonable construction. Nevertheless, whenever a pleading is so doubtful and ambiguous as to be fairly capable of two interpretations, it will be construed most strongly against the party filing it. 1 Poe, *Pleading and Practice,* Tiff. Ed., Sec. 557. *Maenner v. Carroll,* 46 Md. 193, 215; *Steinwedel v. Hilbert,* 149 Md. 121, 126.

Appellant did not ask below for an opportunity to amend. Rather, after the demurrer had been sustained without reference by the court to amendment, appellant moved under Maryland Rule 18c to obtain a memorandum of the grounds of the decision. Judge Evans filed an opinion holding that the declaration did not state a cause of action against Hayward, the guard, because "the allegation that Hayward maliciously, wilfully, negligently and without due care caused injury to the plaintiff must be construed as merely an allegation of negligence. There are no facts alleged to show any malice or willful act on the part of Hayward (or Steiner) towards the plaintiff in closing the cell door. Under the *Ferling* case, Hay-

ward, at the time of the acts complained of, was performing a public office. He was a public officer charged with quasi-judicial duties and, as such, cannot be held civilly liable for the negligent performance of his duties." Appellant, in the face of the warning in the trial court that allegations of fact of actual malice were necessary to state a cause of action against the guard, failed to request permission to amend the declaration to make such allegations of fact. Maryland Rule 320 d 1 (e) provides that when a demurrer to a pleading is sustained "the court, in its discretion, may allow an amendment of such pleading in its order sustaining the demurrer * * *." An order denying or allowing amendment will not be reviewed in the absence of a clear showing of an abuse of discretion. *Brack v. Barton,* 185 Md. 366, 371; *Frisch v. Baltimore,* 156 Md. 310, 313.

At the argument, in response to questions from the Court, counsel for appellant suggested that there might exist facts which could fairly justify accurate and detailed allegations of fact in an amended declaration, showing that the guard deliberately injured the prisoner with malicious design. Counsel could not say that there were, in truth, such facts, merely that there might be.

We think that the appellant, not having asked for an amendment below, and not being able to state at the argument on appeal in what respect the declaration could be amended in accordance with actual facts, so as to overcome the objections which had justified the sustaining of the demurrer, is not entitled we find to have the case remanded to permit amendment. This was the position taken by this Court in *Frisch v. Baltimore, supra,* at p. 313 of 156 Md. See also *Levin v. Union National Bank,* 224 Md. 603; *Noellert v. Noellert,* 169 Md. 559, 562; and *Brack v. Barton, supra.*

*Judgment affirmed, with costs.*