**Jerry Lee DIXON**

v.

**STATE OF MARYLAND**

by

**The Honorable Joseph CARTER, the Honorable Charles E. Moylan, Jr., Warden John P. Garrity, Warden Hiram Schoonfield, Commissioner Vernon Pepersack.**

**Civ. No. 17336.**

United States District Court
D. Maryland.

Dec. 13, 1966.

Jerry Lee Dixon, plaintiff, pro se.

Robert C. Murphy, Atty. Gen. of Maryland, and Franklin Goldstein, Asst. Atty. Gen., Baltimore, Md., for defendants Joseph Carter, Charles E. Moylan, Jr., John P. Garrity and Vernon Pepersack.

Joseph Allen, City Sol., and Victor W. Palmer, Asst. City Sol., Baltimore, Md., for defendant, Hiram Schoonfield.

THOMSEN, Chief Judge.

The Court has permitted plaintiff to file a paper entitled "Complaint to Prosecute" in which plaintiff seeks to "prosecute" the State of Maryland, the Honorable Joseph Carter, a Judge of the Supreme Bench of Baltimore City, Charles E. Moylan, Jr., present State's Attorney for the City of Baltimore, John P. Garrity, Warden of the Maryland House of Correction, Hiram Schoonfield, Warden of the Baltimore City Jail, and Vernon Pepersack, Commissioner of the Department of Correction of Maryland, for alleged violations of his civil rights.

The "Complaint to Prosecute" is carefully typed, is in appropriate legal form, and contains references to many decisions of the Supreme Court. It bases jurisdiction solely upon 18 U.S.C. § 52, which is now 18 U.S.C. § 242, the federal statute which provides criminal sanctions against violation of certain rights of citizens under color of law.[1]

Despite the limited claim of jurisdiction the complaint ended with the following paragraph:

"WHEREFORE, the Plaintiff, respectfully moves that upon this complaint to prosecute, warrants be issued and respondents be held to answer to criminal information, and further as a result of the violation of rights, that the Plaintiff be Granted a restraining Order from further prosecution for the allege [sic] offense and further that the respondents be libel [sic] in a civil action for damages to the Plaintiff."

Because of plaintiff's apparent intention to seek an injunction and to claim damages against defendants—which could only be done under 42 U.S.C.A. § 1983; see also 28 U.S.C.A. § 1343—this Court permitted the complaint to be filed and required the State to answer.

The State has filed a motion to dismiss on behalf of all defendants except the Warden of the Baltimore City Jail; a similar motion has been filed in his behalf by the City Solicitor.[2] As Exhibits

---

1. "§ 242. Deprivation of rights under color of law

"Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both." June 25, 1948, c. 645, 62 Stat. 696.

2. The grounds stated in the motions are as follows:

"1. That the Plaintiff has failed to exhaust available State remedies.

"2. That the contentions set forth in the civil action are conclusory in nature and fail to adequately allege any facts supporting the contentions.

"3. That this Honorable Court lacks jurisdiction over the subject matter of the cause of action.

"4. That this Honorable Court lacks jurisdiction over the person of one of the Defendants, the State of Maryland.

"5. That the civil action as filed fails to set forth a claim upon which relief can be granted.

"6. That the doctrine of judicial immunity applies herein, the Plaintiff hav-

to a memorandum attached to the motion, the Attorney General has supplied the Court with copies of the papers filed in the State proceedings.

Thereupon, plaintiff filed an answer to defendants' motions to dismiss in which he reiterated his prior claims and controverted the position of defendants. However, plaintiff also stated: "That the plaintiff's action, in the main, is not for the purpose of relief, but instead is a prosecution against defendants for the lack of their responsibility of [sic] plaintiff's rights, to protection under the Fourteenth Amendment of the Constitution." He further stated: " * * * plaintiff is no longer seeking a restraint" and "That at this time the plaintiff has no intentions to either sue the State of Maryland or individually the five persons named; however, the plaintiff does wish to reserve the right to do so at a later date, should he feel so incline [sic]."

The following facts appear from the complaint, as clarified by the Court papers filed by the State. Plaintiff was convicted in 1965 of the crime of burglary and sentenced to a term of three years in the Maryland House of Correction. He appealed the conviction and it was stricken out pursuant to the ruling in Schowgurow v. State, 240 Md. 121, 213 A.2d 475 (1965). Plaintiff was remanded to the custody of the State for reindictment and retrial. Because of the great number of prisoners whose convictions had been vacated after the *Schowgurow* decision and who had been remanded for reindictment and retrial, the facilities of the Baltimore City Jail became extremely overcrowded, creating a serious hazard to inmates, to employees of the jail and to the public. Pursuant to an order of Judge Carter, presiding in the Criminal Court of Baltimore, dated February 11, 1966,[3] plaintiff was trans-

---

ing been remanded to an institution under the jurisdiction of the Department of Correction pursuant to an Order of Court as a result of an emergency situation at the Baltimore City Jail which was a serious and immediate hazard

to the health and safety of the inmates and employees of the Baltimore City Jail and the citizens of the City of Baltimore. A copy of the said Order of Court is attached hereto and made a part of this Motion to Dismiss."

---

3. The order reads as follows:

"JERRY LEE DIXON  :  
 :  
 :  
 :  
 : : : : : : :

CRIMINAL COURT
OF
BALTIMORE
Ind. No. 4418; 4420; 5040/64

ORDER OF COURT
FOR CUSTODY

"The Court having been advised that due primarily to the granting of new trials to persons heretofore convicted as a result of the decision of the Court of Appeals of Maryland in Schowgurow vs. State, 240 Md. 122, 213 A.2d 475 (1965) the facilities of the Baltimore City Jail have become extremely overcrowded, and that such overcrowding represents a serious and immediate hazard to the health and safety of the inmates and employees of the Baltimore City Jail and to the citizens of the City of Baltimore, and

"The Court, after investigation, finding such representations to be true, and further finding that immediate relief of overcrowded conditions at the Baltimore City Jail is imperative, and the Department of Correction having agreed to accept such custody, it is, therefore, this 11th day of February , 1966, by the Criminal Court of Baltimore;

"ORDERED that the Defendant in this case be transferred under guard to and/or held in an institution under the jurisdiction of the Department of Correction, to be held pending reindictment by the Grand Jury and/or trial of the indictments pending against him in the Criminal Court of Baltimore, subject to the further Order of this Court.

(S) JOSEPH L. CARTER
JUDGE"

ferred from the Baltimore City Jail to the Maryland House of Correction. Other prisoners whose cases had been remanded were also transferred. Plaintiff was reindicted, and on April 13, 1966, was returned to the Baltimore City Jail and appeared for arraignment on the new indictment. He was retried on April 25, 1966, was convicted of the crime of burglary, and was again sentenced to three years in the Maryland House of Correction, dating from October 24, 1964. Plaintiff's appeal from that conviction is pending in the Court of Appeals of Maryland. During the proceedings against him in the Criminal Court plaintiff filed a motion to dismiss based on double jeopardy and a motion to quash certain counts of the indictment against him on the same grounds. Plaintiff also challenged the legality of his transfer from the Baltimore City Jail to the Maryland House of Correction.

In his "Complaint to Prosecute" filed in this Court, plaintiff contends that his transfer was illegal under Maryland law, in that there was no statute authorizing it and that the "jurisdiction" of the House of Correction and of the Department of Correction is limited to convicted criminals, citing Article 27, sections 689 and 690 of the Maryland Code. Plaintiff claims that Judge Carter was without jurisdiction to order the transfer, that by being transferred he was removed from the jurisdiction of Baltimore City, with the effect that Baltimore City could not regain jurisdiction over him, that while he was in the custody of the House of Correction he was subjected to involuntary servitude without having been duly convicted, and that his attempts to secure bail have been defeated by the State's Attorney. He contends that his rights under the Fifth, Eighth, Thirteenth and Fourteenth Amendments have been violated because only persons whose cases had been remanded pursuant to *Schowgurow* were transferred to the House of Correction.

■ It appears from plaintiff's reply to the State's motion to dismiss that his primary intention is to institute personally a criminal proceeding against the State and the individual defendants. That cannot be done. Any such complaint should have been sent to the United States Attorney, and in a proper case the Court might refer the papers to him, but that would be futile in this case.

■ Regarded as a civil action for an injunction restraining the prosecution now pending in the State Court or for damages against the several defendants, the complaint must be dismissed for several reasons. The injunction sought by plaintiff was moot before this case was filed. Any challenge to the validity of the conviction should be presented on appeal or by means of collateral attack. The complaint fails to state a claim upon which relief can be granted. The State itself cannot be sued in such an action. Insofar as Judge Carter is concerned, he is protected by the doctrine of judicial immunity. Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872); Rhodes v. Meyer, 8 Cir., 334 F.2d 709, cert. den., 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964), 383 U.S. 939, 86 S.Ct. 1073, 15 L.Ed.2d 856 (1966); Sires v. Cole, 9 Cir., 320 F.2d 877 (1963); Ryan v. Scoggin, 10 Cir., 245 F.2d 54 (1957); Francis v. Crafts, 1 Cir., 203 F.2d 809, cert. den. 346 U.S. 835, 74 S.Ct. 43, 98 L.Ed. 357 (1953). See Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); Barr v. Matteo, 360 U.S. 564, 569, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). State's Attorney Moylan is also protected by the doctrine of immunity. Rhodes v. Meyer, supra; Sires v. Cole, supra. The transfer from the jail to the House of Correction was made by the other defendants pursuant to an order, regular and fair on its face, entered by a judge presiding in the Criminal Court of Baltimore, and the doctrine of immunity extends to the jailer and the officials of the Department of Correction under the facts of this case. Francis v. Lyman, 1 Cir., 216 F.2d 583, 588–589 (1954); Delaney v. Shobe, D.Ore., 235 F. Supp. 662 (1964). See also Roberts v. Pepersack, D.Md., 256 F.Supp. 415 (1966); Carder v. Steiner, 225 Md. 271,

170 A.2d 220 (1961); Davis, Administrative Law Treatise, 1965 Supp. § 26.06. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), does not require a different conclusion. No facts amounting to involuntary servitude within the meaning of the Thirteenth Amendment have been alleged.

The complaint is hereby dismissed.