993 F.2d 1535
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curley BENNETT, Plaintiff-Appellee,
v.
Bernard FORD, Co II, Defendant-Appellant,
and
M. Bruce, Sergeant; A. Johnson, Co I; E. Samuel, Co II, Defendants.
 No. 92-6927.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 20, 1993
Decided: June 2, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Daniel E. Klein, Jr., Magistrate Judge. (CA-90-318-WN)
 J. Joseph Curran, Jr., Attorney General, Richard Kastendieck, Assistant Attorney General, Glenn W. Bell, Assistant Attorney General, Baltimore, Maryland, for Appellant.
 Thomas F. O'Neil III, John B. Howard, Jr., Charles P. Cullen, Hogan & Hartson, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Curley Bennett, a Maryland inmate, sued Bernard Ford, a prison guard, and others, for violation of his Eight Amendment right to be free from the use of excessive force by prison officials and a pendant state claim of assault and battery. The magistrate judge, presiding over the hearing in accordance with the provisions of 28 U.S.C. § 636(c) (1988), found for Bennett. Ford appealed. Finding no error, we affirm.
 
 
 2
 Ford took Bennett out of his cell during a bar check, a check for damaged or missing cell bars. The inmate and guard were hostile to one another and an exchange of words ensued. Ford removed Bennett's right handcuff; Bennett turned around and presented a threat to Ford.
 
 
 3
 The magistrate judge determined that the use of excessive force occurred when Ford subsequently threw some punches to Bennett's face. Ford was much taller and heavier than Bennett and controlled the situation with little difficulty. Noting that there were many discrepancies in the testimony, the magistrate judge credited Bennett's version of events, while discrediting Ford's version. The magistrate judge also found that Ford committed an assault and battery. He awarded $1,000 to Bennett, finding that the injuries complained of were not severe.
 
 
 4
 The magistrate judge correctly identified Whitley v. Albers, 475 U.S. 312 (1986), and Hudson v. McMillian, 60 U.S.L.W. 4151 (U.S. 1992), as the controlling precedents. In Whitley, the Supreme Court stated that the core judicial inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm." 475 U.S. at 320-21 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973)). In Hudson, the Supreme Court held that significant injury was not required where the use of force was malicious or sadistic. Also, the magistrate judge correctly noted that the elements of assault and battery are shown if a 42 U.S.C. § 1983 (1988) action is proven. See Continental Casualty Co. v. Mirabile, 449 A.2d 1176, 1183-84(Md.) ("assault is any unlawful attempt to cause a harmful or offensive contact with the person of another or to cause an apprehension of such a contact. A battery is its consummation." (citations omitted)), cert. denied, 294 Md. 652 (1982); Carder v. Steiner, 170 A.2d 220, 221 (Md. 1961) (proof of malice required to establish assault and battery against prison guard), overruled on other grounds, James v. Prince George's County, 418 A.2d 1173 (Md. 1980). The magistrate judge's credibility determinations are not subject to review. United States v. Saunders, 886 F.2d 56 (4th Cir. 1989); Pigford v. United States, 518 F.2d 831 (4th Cir. 1975).
 
 
 5
 Accordingly, we affirm the magistrate judge's decision. We dispense with oral argument because the facts and legal contentions are adequately presented before the Court and argument would not aid the decisional process.
 
 AFFIRMED