# OSCAR TESCHNER

## *vs.*

## OSCAR FALKENWALDE and GEO. NEUMEISTER.

*Specific Performance—Contract to Execute Promissory Notes.*

Where the purchaser of an interest in a patented invention agreed to execute promissory notes for the price, it is no defence to a suit against him for specific performance of such agreement, that the seller has a remedy at law, to recover the purchase money, since the possession of the notes would relieve the seller of the burden of proof as to the contract, its breach by the purchaser, and performance by the seller.     pp. 117-119

Specific performance is not a matter of right, but is one of sound judicial discretion controlled by established principles of equity, and it will be granted or withheld by the court upon a consideration of all the circumstances of each particular case.
p. 120

*Decided November 13th, 1919.*

Appeal from the Circuit Court of Baltimore City (GORTER, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*David Ash,* for the appellant.

*Tazewell T. Thomas,* with whom was *Edwin F. Samuels* on the brief, for the appellees.

ADKINS, J., delivered the opinion of the Court.

The sole question on this appeal is whether the Court below erred in decreeing specific performance of a contract for the delivery of certain promissory notes in settlement of the balance of purchase price agreed to be paid by appellant to appel-

lees for the assignment of a one-half interest in certain patent rights.

The bill filed in this case on November 21st, 1918, alleges that Oscar Falkenwalde, one of the appellees, was the inventor of certain new and useful improvements in water gas burners for which he filed application for letters patent in the United States Patent Office on January 3rd, 1917; that while this application was pending in the Patent Office, by an instrument in writing dated January 15th, 1917, recorded in the Patent Office May 25th, 1917, the said Falkenwalde assigned to the appellant, a one-half title and interest in said application and invention, and in all rights thereunder, with request that letters patent should be issued to said Falkenwalde and the appellant in accordance with said assignment, and that letters patent upon said application were issued on December 4th, 1917, to said Falkenwalde and the appellant, each owning a one-half interest in said patent in accordance with the terms of said assignment. That subsequently Falkenwalde assigned to George Neumeister, the other appellee, an undivided one-fourth interest therein, so that the appellees then owned a one-half undivided interest in said patent and all rights thereunder, and the appellant the other half, of which assignment the appellant was fully cognizant on or prior to August 12th, 1918.

That on August 12th, 1918, appellees contracted to sell to appellant, and appellant contracted to purchase from them, appellees' one-half interest in and to said letters patent for the sum of one thousand dollars, of which two hundred dollars was paid in cash, the balance ($800) to be in the form of notes of the appellant, payable in two, four, six and eight months after the date of said assignment, and thereupon appellees, by an assignment in writing of that date, in consideration of two hundred dollars cash and other considerations evidenced by a supplemental memorandum later referred to in the bill, conveyed to appellant their one-half interest in and to said patent and all rights thereunder, which assignment appellant filed for record in the United States Patent Office

on August 14th, 1918, and same was duly recorded, a certified copy of which assignment appellees averred was ready in Court to be produced and which, when so produced, they prayed should be taken as a part of the bill of complaint.

That by said supplemental memorandum in writing, appellant agreed that if it be found on examination of the Patent Office records that there was no recorded assignment of any interest to said patent, but that it stood on said records as it was originally to Falkenwalde and the appellant, he (the appellant) would deliver to said Falkenwalde his eight promissory notes for one hundred dollars each, payable respectively two, four, six and eight months after date thereof, the said notes to be dated August 12th, 1918, and one-half of said notes to be payable to the said Falkenwalde, and the other half thereof payable to the said Neumeister, the said memorandum containing the provision that it was to be returned to appellant upon receipt of said notes; a copy of which memorandum was filed as an exhibit.

That neither of appellees has made any assignment or conveyance other than those previously referred to in the bill of complaint, and all of which conveyances were known to appellant at the date of said contract of August 12th, 1918.

That appellant has caused an examination to be made of the title records of the United States Patent Office to ascertain whether any conveyances relating to said patent adverse to appellant's interest have been recorded, and has made no objection to the title conveyed to the appellant.

That appellees have made repeated demands for the delivery to them of said promissory notes; that first payments on the notes are about one month overdue; that appellees have offered to return said memorandum to the appellant in accordance with its terms; and that the defendant has upon frivolous pretexts delayed and still delays and refuses to deliver said notes to appellees.

That appellees again tender themselves ready and willing, upon receipt of said notes, to deliver to appellant the memorandum as provided by its terms.

That appellees are without remedy in the premises except through the intervention of said Court.

The bill prays for specific performance and for further relief.

To this bill a general demurrer was filed by appellant on the grounds: First—That "plaintiff has not stated in his bill such a cause as entitles him to any relief in equity against the defendant"; and second, that "plaintiff, even though the allegations of the bill of complaint were true, has ample and adequate remedy at law."

The lower Court, JUDGE GORTER, overruled the demurrer with leave to the defendant to answer within five days. From this order an appeal was taken by the appellant, and the case is before us on said appeal.

This appears to be just one of that class of cases which JUDGE McSHERRY, speaking for this Court in *Neal* v. *Parker,* 98 Md., at 270, had in mind when he said, in referring to the Act of 1888, Chapter 263, now section 231 of Article 16 of the Code, "it was doubtless the policy of the Legislature in adopting it to do away with technical defenses to proceedings in equity instituted to compel parties to live up to their undertakings, and it was designed to preclude individuals who had entered into binding contracts from repudiating them at pleasure by merely electing to pay such damages for their breach as a jury in an action at law might assess."

The Act referred to provides as follows:

"No Court shall refuse to specifically enforce a contract on the mere ground that the party seeking its enforcement has an adequate remedy in damages, unless the party resisting its specific performance shall show to the Court's satisfaction that he has property from which such damages may be made, or shall give bond with approved security in a penalty to be fixed by the Court to perform the contract and pay all such costs and damages as may, in any court of competent jurisdiction, be adjudged against him for breach or non-performance of such contract."

Here is the case of a defendant, assuming the facts alleged in the bill to be true, and they are admitted by the demurrer, refusing to perform his part of a plain contract where everything required to be done by plaintiffs is admitted to have been done, apparently with the sole purpose of getting a better settlement by depriving plaintiffs of the advantage of position the possession of the notes would give them and shifting the burden of proof to them in a suit at law.

The contract which he entered into was for the purchase of a patent right with which he presumably was perfectly familiar, as he already owned a half interest in it, and he had satisfied himself by an examination of the records that there was no obstacle to the transfer of the other half interest which he was purchasing. This was the sole condition to the delivery of the notes for the balance of purchase money. If he had any valid reason for refusing to carry out the contract to deliver said notes he had ample protection in the Court of Equity where the bill was filed, under the privilege to deny the allegations of the bill and to set up any fair defense he might have; and if after a trial of the issues before said Court he should be required to carry out his contract and deliver the notes, he would still have the right to make his defense before a jury in a suit on said notes; but the burden of showing want of consideration would then be upon him, where it ought to be in a case of this character if he is unable to satisfy a Court of Equity that he ought to be relieved from carrying out his contract.

In the case of *Scarborough* v. *Scotten et al.*, 69 Md. 142, this Court reversed the lower Court in refusing to require the surrender of certain promissory notes in the hands of a collector or his executor on the ground, as held by the lower Court, that the plaintiff had a certain, adequate and complete remedy at law. It is true the facts in that case were not just the same as in the present case, and the difficulties of obtaining adequate relief at law were greater there than here, but at least one comment of the Court in that case is applicable to this, viz: "A suit at law to give full measure of relief

should not involve such delay and expense, nor the uncertainty of a jury's decision on the proof." Possessed of the notes in question the plaintiffs would have only to prove the signatures to make out a *prima facie* case on the maturity of the notes respectively. In the meantime they could sell them or borrow on them. In this connection it must be remembered that only one or two of the notes would have been due at the time of filing the bill of complaint. In answer to appellant's contention that under section 84 of Article 83 of the Code, appellees on breach of the contract by appellant had an immediate remedy by suit at law for recovery of the entire balance of purchase money, it may be said that a suit of this character would have involved proof by the plaintiffs of the breach, in addition to affirmative proof of the contract itself, and performance by the plaintiffs, of which burden possession of the notes would have relieved them. What advantageth it a prudent man to refuse to deliver up his property until he has been paid, or until he has provided for the delivery to him by the purchaser of satisfactory evidence of indebtedness, if he can afterwards be denied the fruits of his prudence by the simple refusal of the debtor to furnish the evidence agreed upon, on the plea that the whole case should properly be passed upon by a jury?

It is a well recognized principle that the granting of specific performance lies in the sound discretion of the Court "to be exercised upon consideration of all the circumstances of each particular case. The Court will be controlled, of course, in the exercise of its discretion, by the established doctrines and settled principles upon the subject; but it does not follow, as matter of course, that because the legal obligation under the contract may be perfect, therefore the equitable power of the Court will be exercised to compel or effect specific execution. *In every case,* the question is, whether the exercise of the power is called for *to subserve the ends of justice;* and unless the Court is satisfied that the application to it, for this extraordinary assistance, is fair, just and reason-

able, in every respect, it will refuse 'to interfere, and leave the party to other remedies for redress."

Again—"The principles regulating the exercise by courts of equity of their power to compel the specific performance of contracts are well settled. Specific performance is not a matter of right in the litigant but it is one of sound judicial discretion controlled by established principles of equity and it will be granted or withheld by the Court upon a consideration of all the circumstances of each particular case." See *Reckord* v. *Neff,* 130 Md., at page 94, and cases there cited.

None of the cases cited by appellant, certainly none of the Maryland cases, sustain the contention of the appellant, and we know of no case in this State with facts similar to those in the present case where appellant's position is supported.

In the present case we are not asked to deny the remedy on the ground that the contract sought to be enforced is not a fair and equal one; or because it would be inequitable to enforce it; but we are asked to say that the lower Court improperly exercised its discretion in granting the remedy in a case where it is admitted by the demurrer there is no just ground for refusal to perform the contract, and that the only ground for objection to relief being granted the plaintiffs by a Court of Equity is the alleged ground that the plaintiffs have an adequate remedy at law. In such a case, even if there were no other reasons, we would feel safe in sustaining the ruling of the lower Court on the ground that appellees would be deprived in a suit at law of evidence to which, under the admitted facts, they are entitled, and would be subjected to a burden which they should not be required to sustain.

An order will therefore be passed affirming the order appealed from and remanding the case for further proceedings, with leave to appellant to file an answer within such time as shall be fixed by the trial Court.

*Order affirmed, with costs to appellees, and*
*case remanded.*